Aug. Term,                    Phares *vs.* The State.                    1869.

# Wheeling.

## John M. Phares *vs.* The State.

August Term, 1869.

1. A party possessing all the qualifications required by the constitution and laws to vote and hold office, at the time he is elected and qualified as sheriff of the county, has a vested right in the office of which he cannot be deprived, but for cause. And the fact of his name being stricken, after his election and qualification, from the list of registered and qualified voters, is not sufficient cause to remove him from the office.

2. It is error to admit as evidence a certified list of the voters ordered by the board of registration to be stricken from the registry; only the record of the proceedings of the board, or a copy thereof, properly certified to be a copy, is admissible as evidence.

3. The reversal of a judgment removing an officer from an office, removes the only impediment to his office, and he is in law the only lawful holder of the same, and no order of this court is necessary to restore him thereto.

John M. Phares was elected by a majority of the votes cast, sheriff of Randolph county, at the general election held on the 4th Thursday of October, 1866, for the term of four years from the 1st day of January, 1867. At the November term of the circuit court of that county he gave bond and took the several oaths prescribed by law. On the 20th of August, 1867, after Phares had entered upon and been exercising the duties of his office, a rule was filed against him requiring him to show cause why he should not be removed from his office, the board of registration of the county having certified to the circuit court that he was not entitled to vote. He appeared and moved to quash the notice, which motion was overruled. He filed two pleas, and after the hearing of the case the court ordered his removal from his office of sheriff.

The first plea alleged his election and his being a qualified registered voter at the time thereof and of his induc-

tion into office, and that he had not been convicted of any offense or official dereliction for which the law had provided that he should be removed.    The second denied that there was any record that he was not entitled to vote.

The first bill of exceptions taken by the defendant was to the reading of a list of voters ordered to be struck off the list of duly qualified voters of the county, among which the defendant's name appeared.    To this list was appended a certificate of the clerk of the board of registration, certifying that the above list was a true copy of the names ordered to be struck from the list of registered voters in Randolph county.

The other bills of exception do not appear to have been considered by this court, and it is unnecessary to state their contents.

The defendant obtained a supersedeas from this court. ·

*C. S. Lewis* for the plaintiff in error.
*Attorney General Caldwell* for the State.

BROWN, President.    This was a rule from the circuit court upon the defendant, Phares, to show cause why he should not be removed from his office of sheriff of Randolph county, because his name had been stricken from the list of registered voters by the board of registration.

There was a motion to quash the rule, which the court overruled.

The only proof in the case, that the defendant was not a voter, is the certificate of the clerk of the board of registration that certain names, a long list of which he gave, including the name of the defendant, Phares, were ordered by the said board to be stricken from the list of registered voters.    This evidence was objected to, but the objection was overruled by the court and exception taken to the ruling.

A person legally elected to the office of sheriff under the constitution and laws of this State, and having been duly qualified and entered upon the duties of his office, has a

vested right in the office with the privileges and immunities of value of which he cannot be deprived, but for cause, and that by due process of law.

The court erred in refusing to quash the rule on the motion of the sheriff, and also erred in admitting the clerk's certificate of the list of names which he certified to have been ordered by the board of registration to be struck from the list of registered voters. Only the record, or a copy thereof, properly certified to be a copy was admissible as evidence. But the most material and important error in the case was in depriving an officer of his office, because of the fact alleged, to wit: that his name had, by order of the board of registration, been stricken from the list of registered voters of the county, even if the fact had been legally made to appear.

The constitution prescribes who are entitled to vote, and it also provides that any person so entitled to vote shall be eligible to office. The defendant possessed all the qualifications required by the constitution and laws to vote and hold office at the time he was elected and qualified as sheriff for Randolph county. He had, therefore, a vested right in his office of sheriff, of which he could not be deprived, but for cause, by due process of law. Art. II, section 6, of constitution. And whether the board of registration struck his name off the registered list of voters or not, it was wholly immaterial to the rights of the party and the issue to be determined in the case. It never was in contemplation of the convention that framed the constitution, nor of the people when they adopted it, that all the officers of the State, executive, judicial and ministerial, were to be dependant on the discretion or caprices, as it is claimed, of an irresponsible board of registration in relation to an incidental matter. Suppose that board strikes off the name of a voter one week, and restores it the next, as was done in the defendant's case, and may, under the pretentions set up in this case, repeat the operation every week in the year and every year without end and without restraint. And, according to the doctrine claimed the office is forfeited without fault of the offi-

cer and he removed and another appointed as oft as the kaleidescope changes. The removal of an officer of State from one county to another, or even from one township to another, would secure his being struck from the list of registered voters, and he could not be registered in the new residence until he had remained there the prescribed length of time requisite to vote there. And the consequence would be, according to the pretension, that at every such removal the officer forfeits his office, and must be removed and another appointed.

For the errors above stated I think the judgment should be reversed and the rule quashed.

It has been suggested whether it is or not necessary that this court should order the party so removed from his office to be restored, but that is not necessary; the reversal of the judgment on a motion removes the only impediment to his office and he is in law the only lawful holder of the office of which he was possessed by his election and qualification. The orders of the court vacating the office and appointing another are in effect nullities, and cannot interpose any legal obstruction to the right of the defendant to hold his said office, and exercise all the rights and privileges thereof. *State ex. rel. Adamson* vs. *Lafayette County Court*, 41 Missouri, 545; *State ex. rel. Attorney General* vs. *Churchill*, 41 *Id.*, 41.

The other judges concurred.

JUDGMENT REVERSED.