# CHARLESTON.

## ROE v. TOWN OF PHILIPPI.

### Submitted Sept. 15, 1898—Decided Jan. 20, 1899.

1. MUNICIPAL CORPORATIONS—*Street Improvements—Indebtedness—Mandamus.*

    When an incorporated town has contracted for work to be done upon its streets, which work is done as provided in the contract, accepted by the town, and orders issued upon its treasury for the amount agreed to be paid therefor, such orders being presented and payment refused, and the holder of the orders sues out an alternative writ of *mandamus,* and defendant files his return and answer, offering no defense, except that, for the same year in which the contract was made and the work done, it had already, prior to the making of the contract, created a greater amount of indebtedness than the amount of the levy it was authorized to make upon the taxable property and persons and all other sources of revenue of the town to pay it, for such answer to be sufficient to defeat recovery it must show clearly that it had created such indebtedness to the full extent of its authority to levy before it made the contract with plaintiff, or, if its said prior indebtedness had not reached the full limit allowed by law, it should have shown that it had actually paid, on account of such contract for which said orders were issued, the amount the plaintiff could be entitled to receive out of such levy. (p. 791).

2. EVIDENCE—*Municipal Corporations—Certificate of Recorder—Records.*

    The certificate of a recorder of an incorporated town, stating facts which appear upon the records of the common council of said town, and not certifying copies from such records, is not admissible as evidence (p. 790).

3. EVIDENCE—*Municipal Corporations—Certificate of Recorder—Mandamus.*

    The question of the admissibility of such certificate as evidence

when filed as an exhibit with the return and answer to an alternative writ of *mandamus* is properly raised upon motion of plaintiff for his peremptory writ, notwithstanding the answer. (p. 790.)

Error to Circuit Court, Barbour County.

Petition by Joseph A. Roe, suing for the use of the Merchants' & Mechanics' Bank of Grafton against the town of Philippi, for *mandamus*. From a judgment dismissing the petition, petitioner brings error.

*Reversed.*

J. HOP WOODS, for plaintiff in error.

W. T. ICE, for defendant in error.

McWHORTER, JUDGE :

On September 13, 1892, the town of Philippi, by its mayor and common council, contracted with Joseph A. Roe to macadamize a certain portion of Main street, in said town, according to the specifications prepared therefor by said mayor and council, at the price of one dollar and thirty-nine cents per perch of twenty-five feet, which was to be done in sections, and when each section should be completed for travel, and when so completed and approved and taken up by the superintendent to be designated by the town, the section so completed was to be paid for, less twenty per cent. thereof, which should be retained until the last section should be completed and accepted, when all should be paid in full. The work proceeded, and orders were drawn upon the treasurer of the town in favor of Roe from time to time, until the whole was completed in December following, when it was accepted by the mayor and council, and drafts or orders made for the balance due said Roe, including two orders for two hundred and seventy-five dollars each, upon the treasurer of said town, which orders were dated December 30, 1892, and payable to J. A. Roe or order, out of the levy of 1892, signed by the mayor, and countersigned by the recorder of said town, by order of the council, which orders on the same day of their date, were presented to the treasurer for payment, and by him indorsed "No funds." Roe afterwards, for valuable consideration, indorsed and assigned said orders to Mer-

chant's & Mechanics' Savings Bank. The same still remaining unpaid, the said bank, on the 2d of September, 1895, before the levy for that year was made, presented the orders to the town's treasurer, George E. Grant, and requested payment, or that provision be made for payment out of funds unappropriated, or out of the levy for the current year, etc. Payment was refused, and there was also a refusal to make provisions for such payment. On the 20th day of September, 1895, Joseph A. Roe, suing for the use of the Merchants' & Mechanics' Bank of Grafton, filed his petition in the circuit court of Barbour County, praying for a *mandamus*, requiring the said town of Philippi, which is an incorporated town, in the State of West Virginia, to levy a tax upon the taxable property in said town, and appropriate the same sufficient to pay off and discharge the said two drafts of two hundred and seventy-five dollars each, with interest from said 30th day of December, 1892, and the costs of the proceedings, or show cause, if any it could, why it should not be required to do so. An alternative writ of *mandamus* was issued returnable to October term of said court, 1895, and duly served. Defendant appeared, and moved to quash the writ, which motion, being considered by the court on February 18, 1896, was overruled, and the defendant given sixty days in which to file its return thereto. On the 25th day of May, 1896, defendant, the town of Philippi, tendered and offered to file its answer and return to the writ, to which return plaintiff objected, and moved the court to reject the same, because it was not filed within the sixty days allowed, which motion was overruled, and the return ordered filed, and the plaintiff was given leave to further except, demur, or plead thereto, or to move for the peremptory *mandamus*, as he might deem proper. On the 13th of November, 1897, plaintiff replied generally to the answer and return, and moved the court to award the peremptory writ of *mandamus* prayed for, notwithstanding the answer; and the matters of law and fact arising upon the record were by consent of the parties, submitted to the court. Upon consideration thereof, the court found for the defendant, and overruled the motion for the peremptory writ, and dismissed the petition, and gave judgment for costs against the plaintiff,

from which judgment plaintiff obtained from this Court a writ of error and supersedeas, assigning as errors the dismissing of the writ, and refusing to award the peremptory writ of *mandamus.*

The answer admits the town of Philippi to be an incorporated town, created by special act of the general assembly of Virginia in the year 1844, which act was amended by the legislature of West Virginia in 1871; that, by virtue of its said incorporation and the general law of West Virginia for the incorporation of cities, towns, and villages, it has power to improve its streets, to provide a revenue and appropriate the same, to make an annual assessment of taxable persons and property therein, to appoint a sergeant, a commissioner of revenue, and a treasurer, and to define their powers and prescribe their duties, to adopt rules for its own government and the transaction of its business, to give an additional license, and require a tax on the same, for anything for which a state license is required to be done within said town, to adopt and enforce all needful ordinances not contrary to the Constitution and the laws of the State, and to impose and enforce fines and penalties, to order an annual levy of two dollars per head upon all male persons within said town over the age of twenty-one years, and one dollar on every hundred dollars of value of real and personal property therein assessed with state taxes, and to collect the same; that, in pursuance of such power so vested in defendant, it entered into the said contract for the macadamizing of Main street in said town with stone, as set out both in the petition and answer; admits the performance of the work; that it was completed December 24, 1892; that during its prosecution the defendant issued orders to plaintiff in part payment thereof, payable out of the levy of 1892; and that on the 30th of December, 1892, it issued the two orders or drafts, of two hundred and seventy-five dollars each, numbered respectively, two hundred and twelve and two hundred and fourteen, which constituted part of the aggregate sum of two thousand one hundred and thirty-five dollars and four cents agreed to be paid for said work; but denies the allegation in the petition and writ that on the 13th of September, 1892, it had only issued drafts and made contracts of in-

debtedness to the extent of six hundred and six dollars and sixty cents, and was only indebted in the sum of one hundred and sixty-six dollars and ninety-two cents on account of deficit of preceding year; but, on the contrary, alleging that, previous to the 13th of September in said year, it had contracted work to be done on the streets, alleys,and sidewalks of said town to the aggregate amount of three thousand and thirty-one dollars and seventy-two cents, and filed a certificate made by the recorder of said town, marked "Exhibit Z,". with said return, which is simply a list of orders issued by said town, under the following caption: "I, L. D. Robinson, recorder of the town of Philippi, do certify that the contracts for which the following drafts were issued were made prior to the 13th day of September, 1892, as appears from the records of said town: No. 76, John Hulderman, work on street, $4.80," the beginning of the list, and followed by one hundred and thirty-eight other orders, running consecutively from said No. 76 up to 187, thence, with several breaks in the numbers up to two hundred and sixty-three, many numbers being left out. The amounts of said several orders are mostly small, ranging from thirty cents up, only four being over one hundred dollars, and aggregating the sum of two thousand eight hundred and sixty-four dollars and eighty cents. Said Exhibit Z closes with, "I further certify that the amount of indebtedness for 1891, which the council of 1892 was to provide for, was $166.92," which, added to the aggregate of said orders makes the sum of three thousand and thirty-one dollars and seventy-two cents claimed in the answer to be the indebtedness of said year 1892, created by contract prior to the 13th day of September, 1892, the date of contract with plaintiff. Said certificate (Exhibit Z) is dated and signed by the recorder on the 10th day of March, 1896. There is nothing in this certificate except the inference to be drawn from the last clause, certifying the amount of the deficit from the year 1891, when any contract was made, out of which the orders grew contained in the list Z. There is not a date to a single one of the orders showing when it was issued or authorized. The recorder certifies "that the contracts for which the following drafts were issued were made prior to the 13th day of September, 1892; as appears from the records of said town." He fails, however, to show how

long prior thereto the contracts were made or the drafts issued,—whether within the year 1892 or some previous year.

It is insisted by appellant that this certificate of the recorder (Exhibit Z) is not competent evidence, while appellee contends that, no objection having been raised to its competency in the court below, it is too late to raise it in this Court for the first time. Under the rule in *Wells* v. *Town of Mason*, 23 W. Va., 456, the question was properly raised on plaintiff's motion for the peremptory writ of *mandamus* notwithstanding the answer. As to the sufficiency of the answer, chapter 130 of the Code provides that certificates of certain officers mentioned, of facts shown by the records in their keeping, or of what such records fail to show concerning assessment of lands, etc., may be used as evidence when filed in the suit in which it is proposed to be used as evidence, and notice thereof given to the opposite party or his attorney, as provided by said statute. And, while properly authenticated copies from the records of an incorporated town could be used as evidence, I am not aware of any authority for admitting as evidence a certificate of a recorder of such town certifying the facts that may appear on such records; and the answer cannot be supported by said Exhibit Z. In *Phares* v. *State*, 3 W. Va. 567, Syl. pt. 2. "It is error to admit as evidence a certified list of the voters ordered by the board of registration to be stricken from the registry; only the record of the proceedings of the board, or a copy thereof, properly certified to be a copy , is admissible evidence." The only defense set up in the answer is that the defendant had already, prior to the contract with plaintiff created indebtedness within the corporation year of 1892 to a greater amount than it was authorized to levy for in that year. It is admitted that the contract was made; that it was within the scope of defendant's powers and its corporate duties to provide proper streets, etc.; that the work was completed according to contract; and that defendant enjoyed the benefits arising from such improvements. Did the answer show that, at the time the contract was made, the defendant had already gone beyond the limit allowed by law?

It appears from the record that the resources of the town from "all sources" for the year 1892 amounted, in the aggre-

gate, to the sum of two thousand nine hundred and fifty-three dollars and seventy-eight cents, which was the amount it could properly levy, collect and appropriate for that year. It is admitted there was a deficit from 1891, which had to be provided for, of one hundred and sixty-six dollars and ninety-two cents; and, according to plaintiff's showing, orders had been drawn on the funds prior to his contract, aggregating six hundred and sixteen dollars and sixty cents. The record shows that on May 21, 1892, the town contracted with G. W. Gall,, Jr., for two thousand one hundred feet of curbing, at fifteen cents per foot, to be delivered on or before the 1st day of July, 1892, and at the same time authorized the purchase of ten gallons and a barrel of gasoline oil. On the 6th of July it accepted the bid of S. T. H. Holt to furnish and lay nine thousand hard-burnt brick, for sidewalks, at thirty six and one-half cents per foot for six-foot walk, and thirty-two cents per foot for five-foot walk. The record also shows that there was afterwards allowed to said Gall for curbing, two hundred and ninety dollars and two cents, and to said Holt, for laying brick pavement, four hundred and one dollars and forty-one cents, making the aggregate sum of one thousand four hundred and seventy-four dollars and ninety-five cents, which is shown to be proper to be provided for in the levy of 1892 at the time the contract was made with plaintiff to do the work he contracted to do. There are other items allowed in the meantime, "For work on streets," etc., but nothing to show when it was contracted for, and whether it would be right to pay it, to the exclusion of the money owing to plaintiff. This would leave a balance of one thousand four hundred and seventy-eight dollars and eighty-three cents of the levy of the year 1892, which could or should be applied to the indebtedness of the town to Roe on his contract. The exhibits properly authenticated from the records of defendant, and filed with the return to the writ, show orders allowed to plaintiff on account of his contract in all to amount to one thousand eight hundred and fifty dollars and eighty-three cents, but the return fails to show that any of these orders were ever actually paid to plaintiff, or to any one for him. The orders sued upon were assigned, and the suit is brought for the benefit of the assignee; and, after notice of assignment, they should be the first paid of all that should remain unpaid at

the time of such notice of assignment. To make a suffi-
cient return to defeat recovery, defendant should have
shown clearly that it had created indebtedness to the full ex-
tent of its authority to levy before it made the contract with
plaintiff, or, if its said prior indebtedness had not
reached the full limit allowed by law, it should have shown
that it had actually paid, on account of such contract for
which said orders were issued, the amount that plaintiff
could be entitled to receive out of the levy. The judgment
will be reversed and annulled, and the case remanded, with
directions to the circuit court to award the peremptory
writ of *mandamus* as prayed for.

*Reversed.*