## THE STATE ex rel. ROBERT L. SHACKLEFORD v. JOHN W. McELHINNEY, Judge.

**In Banc, March 28, 1912.**

1. **ATTORNEY: Right to Practice: Property Right.** The right of an attorney to practice law is a valuable property right, ·which cannot be taken from him by an arbitrary act of the court, but only upon a judicial hearing on· charges legally pre-sented, in which he is given a full and fair opportunity to be heard in his own defense.

2. ———: ———: ———: **Arbitrary Order: Due Process of Law.** An arbitrary order of a court depriving a duly licensed attorney of his right to practice law is not due process of law, and under both the State and Federal Constitutions such order would be null and void.

3. ———: ———: **Probate Judge: Motion to Practice.** But where no charges are preferred against the attorney, and he voluntarily files a motion in a case pending in the circuit court, asking permission to represent his clients therein, and that motion is denied on the ground that he is probate judge and the act of March 27, 1911, prohibits the probate judge of a county having fifty thousand inhabitants from practicing law, there is no proceeding pending to disbar him, nor could he be disbarred upon any such motion, nor is the validity of the statute prohibiting the probate judge in such a county from practicing law thereby brought before the circuit court for determination, nor is it for determination in the Supreme Court when he brings a mandamus suit to compel the circuit court to permit him to practice, basing his suit upon the alleged in-validity of that statute, nor can he in that way have its in-validity determined because he fears he may suffer the penalties of the statute if he continues to practice law in violation thereof.

4. **MOTIONS: Appeals: Attorneys: Right to Practice.** Motions are not original and independent proceedings, such as are re-quired to be brought against an attorney at law to revoke his license. They are only incidental steps taken in all classes of cases pending, and the rulings of the court thereon are not judgments, but merely orders from which there is no appeal, unless authorized by an express statute. But a judgment dis-barring an attorney is final and an appeal will lie therefrom.

## Mandamus.

PEREMPTORY WRIT DENIED.

*J. C. Kiskaddon* and *A. H. Kiskaddon* for relator.

(1)  The admission of a person to the bar as an attorney at law is a judgment, and confers upon the person admitted valuable property rights, of which he cannot be deprived by. the arbitrary action of either a court or legislature, but only upon a judicial hearing on charges presented, in which he is given an opportunity to be heard in his own defense.  Garland ex parte, 4 Wall. (U. S.) 333; Hefron ex parte, 7 How. (Miss.) 127; In re Cooper, 22 N. Y. 81; Fletcher v Dangerfield, 20 Cal. 427; People v. Turner, 1 Cal. 150; Fish v. Printing Co., 102 Mo. App. 6; State v. Laughlin, 73 Mo. 443; State v. Peabody, 63 Mo. App. 378; State v. Gebhardt, 87 Mo. App. 542; In re Flukes, 125 Mo. 125; McPherson v. State, 3 W. Va. 364; Phares v. State, 3 W. Va. 367; Ex parte Barr, 9 Wheat. (U. S.) 529; Wommack v. Halloway, 2 Ala. 31; Cummings v. State, 4 Wal. (U. S.) 277; Peyton's Appeal, 12 Kan. 398; Deul v. West Virginia, 129 U. S. 114; Ex parte Steinman, 95 Pa. St. 220; Ex parte Robinson, 19 Wal. (U. S.) 505; Ex parte Austin, 5 Rawle (Pa.) 191.  (2)  Any arbitrary order of a court or act of a Legislature depriving a duly admitted attorney at law of his right to practice law is without due process of law, and under the Constitution of this State and the United States is void.  It is a right of which an attorney cannot be deprived except by the judgment of a court, after an opportunity to be heard in his own defense for moral or professional delinquency.  R. S. 1909, sec. 951; In re Cooper, 22 N. Y. 81; Ex parte Garland, 4 Wall. (U. S.) 333; Jones v. Gore, 142 Mo. 44; Clark v. Mitchell, 64 Mo. 564; Hunt v. Searcy, 167 Mo. 158; State v. Julow, 129 Mo. 174; St. Joseph v. Truckenmueller, 183 Mo 9; Ex parte Smith, 28 Ind. 47; State v. Loomis, 115 Mo. 307; Barber v. Ridge, 169 Mo. 376; St. Louis v. Karr, 85 Mo. App. 608; Williams v. Courtney, 77 Mo. 587.  (3)  The act of

the Legislature in question is retroactive in that it takes away from the relator a vested right without due process of law. Leete v. Bank, 115 Mo. 184; St. Louis v. Clemens, 52 Mo. 133; Insurance Co. v. Flynn, 38 Mo. 483; Lutz v. Insurance Co·, 8 Mo. App. 363; In re Flukes, 157 Mo. 125; Gladney v. Lydnor, 172 Mo. 318; McPherson v. State, 3 W. Va. 564. (4) The law is void · in toto, because it is special legislation. Constitution, art. 6, secs. 1, 35; art. 4, sec. 53, par. 32; art. 6, secs. 6, 12; R. S. 1909, sec. 3843; R. S. 1909, sec. 4063. No authority we have been able to find is exactly in point; but the principle we contend for is more or less clearly enunciated in the following: Dunn v. Railroad, 131 Mo. 5; Hayes v. Mining Co., 227 Mo. 300; State v. Herman, 75 Mo. 340; Murmane v. St. Louis, 123 Mo. 491; State v. Jackson Co., 89 Mo. 227; State v· Messerly, 198 Mo. 355; Henderson v. Koenig, 168 Mo. 356; State v. Turner, 210 Mo. 77; State v. Granneman, 132 Mo. 326; State v. Ashbrook, 154 Mo. 375; Hannibal v. Telephone Co., 31 Mo. App. 32. (5) Where one is wrongfully deprived of his right to practice law mandamus is the proper remedy to restore him to that right. State v. Peabody, 63 Mo. App. 378; Ex parte Bradley 7 Wall. (U. S.) 364.

*Henry Higginbotham* for respondent.

(1) The courts cannot be required to render advisory opinions in the absence of a constitutional provision expressly imposing such duty. The judicial tribunals will decline to exercise the high office of passing upon the constitutionality of a statute unless it becomes necessary in order to determine the rights of the parties in a real and antagonistic controversy. Black, Const. Law, p. 84, sec. 53; Id. 57, sec. 25; 2 Story on Constitution (5 Ed.), sec. 1572; 6 Am. & Eng. Ency. Law (2 Ed.), 1067-1068; 8 Cyc. 847, note 32; Id. 799; Muskrat v. United States, 219 U. S. 346; Opinion in 55 Mo. 497; In re Railroad, 51 Mo. 586;

Opinion in 37 Mo. 135· (2) Giving advice is not a judicial act, and the pronouncement of a court in response to an ex parte application for advice is *coram non judice*. In the Matter of the Application of the Senate, 10 Minn. 78; Muskrat v. United States, 219 U. S. 346; Opinion in 55 Mo. 497; Matter of Railroad, 51 Mo. 586; Opinion in 37 Mo. 135; State v. Baughman, 38 Ohio St. 460. (3) Mandamus cannot be made to perform the function of an appeal, writ of error or *certiorari*. State v. Megown, 89 Mo. 156; State v. Lubke, 85 Mo. 338; State v. McKee, 150 Mo. 233; State v. Horner, 16 Mo. App. 191; State v. Field, 37 Mo. App. 83; State v. Schneider, 47 Mo. App. 669; State v. Bland, 189 Mo. 215; In re Switzer, 201 Mo. 66; State v. Walbridge, 123 Mo. 202; State v. Shelton, 154 Mo. 670. Where a party, on his own motion, has invited the action of a judicial tribunal, and that tribunal has acted, whether with or without jurisdiction, mandamus can not be invoked for the purpose of revoking such decision. State v. Young, 84 Mo. 95. (4) The question of the constitutionality of a statute will not be decided unless it is imperatively necessary to the right disposition of the case. If there is any other ground in the case on which it can be fairly and satisfactorily disposed of on the merits, the decision will be rested on that ground, and the question of constitutionality will be left open. Black, Const. Law, p. 58, sec. 27; Cooley's Prin. Const. Law (3 Ed.), 165; Cooley's Const. Lim. (7 Ed.), 231; 8 Cyc. 799; State v. Hardelein, 169 Mo. 579; McDonald v. Ass'n, 175 Mo. 250; State v. Railroad, 176 Mo. 443. (5) The creation, control and regulation of State officers is a right within the internal and exclusive policy of each State, included in the guaranty by the Federal Constitution to each of the States of a republican form of government, and in the powers declared to be reserved to the States respectively by the tenth amendment. Butler v. Penn. 51 U. S. (10 How.) 402; Taylor v. Beck-

ham, 178 U. S· 548; Wilson v. N. C., 169 U. S. 586. It is within the undoubted power of government to restrain some individuals from all contracts, as well as all individuals from some contracts. . . . It may . . . restrain all engaged in any employment from any contract in the course of that employ- ment which is against public policy. Frisbie v. United States, 157 U. S. 160; Boone v. State, 54 So. (Ala.) 109. From the State's right to regulate the conduct of its officers in whatever way may seem best to the State, it results that neither class (the attorney nor the client) is placed at a disadvantage in respect to the enjoyment of any legal right. Boone v. State, 54 So. (Ala.) 109. (6) Legislation which is necessary or appropriate to carry into effect a positive command of a section of the Constitution, is neither local nor special. Kencfick v. City, 127 Mo. 1; State v. Etchman, 189 Mo. 648; State v. Darrah, 152 Mo. 522. The act of March 27, 1911 (Laws 1911, p. 189), is clearly author- ized by the Constitution. Constitution, art. 2, sec. 18; Id., art. 14, sec. 7; Manker v. Faulhaber, 94 Mo. 430; State v. Slover, 113 Mo. 202; State v. Slover, 113 Mo. 211; State v. Walbridge, 119 Mo. 388; State v. Sheppard, 192 Mo. 506; State v· Boyd, 196 Mo. 65; State v. Henderson, 145 Iowa, 657; People v. Nellis, 249 Ill. 12. An act which embraces all persons who are in, or who may come into, like situations or circum- stances is not special legislation. State v. Wafford, 121 Mo. 61; Dunne v. Railroad, 131 Mo. 1; Elting v. Hickman, 172 Mo. 237; Ex parte Loving, 178 Mo. 194; Ex parte Berger, 193 Mo. 16; State v. Rawlings, 134 S. W. 530. When the conditions reasonably justify the distinguishing of a class, and the law effects equally all who come within that class, that is, if all persons brought under the influence of the law are treated alike under the same conditions, such law is not special legislation forbidden by either the State or the Fed- eral Constitution. State v. Swagerty, 203 Mo. 523;

State v. Darrah, 152 Mo. 535; State v. Distilling Co., 139 S. W. 453. (7) Before a statute can be denounced as invalid under the provision of the Constitution prohibiting retrospective legislation, it must impinge some existing vested right. Gibson v. Railroad, 225 Mo. 481; Bushnell v. Loomis, 234 Mo. 371.

*J. C. Kiskaddon* and *A. H. Kiskaddon* for relator in reply.

Relator finds a drastic law in the statutes which he believes to be unconstitutional, but with that respect for an act of the Legislature which every lawyer ought to entertain, he does not deem it wise to give it his private interpretation and defy its mandates. He has a clear right in a certain case pending in court. He asks the judicial department to pass on the constitutionality of that law, so far as it interferes with that right. There is no other tribunal to which he can go.

If one who had never been admitted to the bar, or who had been disbarred by due process of law, should present himself and ask to be recognized as an attorney at law, in a particular case, the judge would be derelict in his duty if he did not immediately refuse to allow him to assume that position. So, if, in the opinion of the judge, the act in question was constitutional, he would be false to his office if he did not prevent the commission of a crime in his court.

Here, the attention of the circuit court was called to all the facts, and to the questioned act; he was asked to say that the act was invalid, but he held the contrary, and denied relator the right to appear. There was then no remedy left to relator except mandamus, in which the validity of the act is questioned.

WOODSON, J.—This is an original proceeding brought in this court, by the relator, seeking by mandamus to compel the respondent to recognize and per-

mit the former to practice law in the circuit court of St. Louis county of which the latter is the duly elected, qualified and acting judge.

The facts of the case stand uncontradicted, and are fully stated in the return, and are as follows (formal parts omitted):

"Now comes the said respondent, and for his return to the alternative writ of mandamus in the above entitled cause (hereto attached), says that said relator ought not to have writ of peremptory mandamus herein, because he says:

"It is true that the respondent is and at all times mentioned in said writ was and still is one of the judges of the circuit court of St. Louis county, Missouri, duly qualified and acting as such; that said relator, Robert L. Shackelford, is a citizen of the United States of America and of the State of Missouri, and since about the year 1879 has been admitted to the bar of said State and duly licensed to practice law, and said license has not been revoked or annulled, but is in full force and effect; and for about twelve years last past said relator has been a duly licensed, enrolled and practicing attorney at law of the said circuit court of St. Louis county, and as such is an officer of said court, and has not been and is not guilty of any contempt of said court.

"It is also true, as this respondent is informed and believes, and therefore admits, that said relator was, prior to May 1, 1910, retained as attorney at law for two defendants, Sebastian Scharer and Fred Kirchner, in a certain cause then and now pending in the division of said circuit court over which the respondent presides, as judge aforesaid, wherein Henry Goewrt et al. are plaintiffs, and Adolph Scharer, Sebastian Scharer and Fred Kirchner are defendants and said relator has not been discharged from such retainer and is now attorney at law for said two defendants, and as such attorney at law appeared in said

circuit court for said two defendants and procured orders to be made in said cause, and on the 7th day of January, 1911, filed answers in said cause for said two defendants.

"And as to whether said relator has been retained for any party, or parties in any other cause or causes pending in said court or has been or is attorney at law for any such other party or parties, the respondent says he has no knowledge or information sufficient to form a belief.

"And it is true that said relator applied to the respondent as a court, and in open court asked leave and permission, as of right, to further appear in said cause in said court as attorney for said two defendants, and to conduct their defenses in said court as their attorney at law, but only at the time and in the manner hereinafter averred and set forth, and at the same time, in said cause and in the manner and for the reasons hereinafter set forth and averred, and not otherwise, the respondent refused to permit the said relator to appear in said court as attorney at law; and it is not true that the respondent has at any other time or in any other matter, cause or proceeding refused to allow the said relator to appear in said court as attorney at law.

"And it is not true that the respondent, in so refusing to allow said relator to appear as attorney at law and conduct said defenses as aforesaid, acted wrongfully; and it is not true that the respondent has at any time wrongfully refused to permit said relator to appear in said court as an attorney at law.

"And for further return to said writ, and for cause why a writ of peremptory mandamus should not issue herein, the said respondent states: That, at the general election held in the said county of St. Louis and in the State of Missouri on the first Tuesday after the first Monday in November, 1910, the said relator, Robert L. Shackelford, was duly elected to the office

of judge of the probate court of said county of St. Louis, and thereafter was duly commissioned to said office as such probate judge by a commission issued by the Governor of the State of Missouri, in December, 1910, and duly qualified as such probate judge in December, 1910, by taking the oath of office prescribed by the Constitution of the State of Missouri, and on the 31st day of December, 1910, entered into bond, approved by the clerk of the circuit court of said county, conditioned for the faithful performance of his duties as such judge, as required by law, and on the 1st day of January, 1911, duly accepted said office of probate judge and entered upon the discharge of the duties of said office, and from said 1st day of January, 1911, said relator has continued to be and to act as such probate judge of said county and to discharge the duties of said office, and as such judge to claim and to exercise all the rights and authority, and to have and receive all the privileges, fees and emoluments of and pertaining to his said office, and is now such probate judge, and as such is discharging all the said duties and exercising all the said rights and authority, and having and receiving all the said privileges, fees and emoluments of and pertaining to his said office of probate judge of St. Louis county.

"That, by an act of the General Assembly of the State of Missouri, entitled, 'An act to prohibit judges of probate courts in certain counties in this State from practicing law, and providing a penalty for violation thereof,' which was approved on the 27th day of March, 1911, it was and is provided as follows: 'It shall be unlawful for any judge of any probate court in any county in this State, which now has or may hereafter have a population of fifty thousand inhabitants or more, to practice or act as counselor or attorney in his own name, or in the name of any other person, in any of the courts of this State, during the term of office for which he shall have been elected or

appointed.   Any person violating the provisions of this act shall be deemed guilty of a misdemeanor, and shall forfeit his right to hold such office.' That said act went into effect on the 19th day of June, 1911, and ever since said date has been and is now a law of this State.

"That the said county of St. Louis is a county of the State of Missouri, which at all times since the year 1910, has had and still has a population of more than fifty thousand inhabitants, to-wit, a population of eighty-two thousand, four hundred and seventeen inhabitants; and the said act of the General Assembly of Missouri, approved March 27, 1911, at all times since it went into effect as aforesaid, has been and is applicable to said county.

"That on the 16th day of October, 1911, the said relator, Robert L. Shackleford, filed in the said division of said circuit court over which the respondent presides as judge, in said cause in which Henry Goewrt et al. are plaintiffs and Adolph Scharer et al. are defendants, then and now pending in said division, a motion in writing, and in said motion alleged and stated his qualifications and license, enrollment and authority as an attorney at law and his retainer as attorney for Sebastian Scharer and Fred Kirchner, defendants in said cause, all as the same are hereinbefore stated and admitted; and also stated and alleged in said motion the passage by the General Assembly of the State of Missouri of said act approved March 27, 1911, and that the same went into effect on the 19th day of June, 1911; and also in said motion stated and alleged the election, commission and qualifications of said relator as judge of said probate court, and that he had entered upon the discharge of the duties of said office on the 1st day of January, 1911, and from said date had acted and was and is acting as such probate judge; and in said motion said relator averred and stated that said act of the General Assembly of Mis-

souri of 1911 is in violation of the following provisions of the Constitutions of the United States and of the State of Missouri, specified in said motion, to-wit, sections 15 and 30 of article 2, and sections 53 and 54 of article 4, of the Constitution of Missouri, and the fifth amendment and the fourteenth amendment of the Constitution of the United States; and in said motion in writing said relator moved the said circuit court, for the said reasons and on the said grounds stated in said motion, to permit said relator to appear in said motion, to permit said relator to appear in said court as attorney at law for said defendants Sebastian Scharer and Fred Kirchner and conduct their defense of said cause as attorney at law; and said motion was submitted to said circuit court in said division presided over by the respondent, and the respondent upon consideration of said motion, in the exercise of his judgment upon the same, as judge of said circuit court presiding over the same in said division, in the discharge of his duty as such judge, determined that said motion should be denied, and thereupon made and entered an order of said court in said division denying the said motion, on the 23d day of October, 1911.

"Wherefore, the said respondent prays the judgment of this honorable court, whether or not he, as judge of the circuit court as aforesaid, shall be required to do or perform any of the acts specified and required to be performed by him in and by said alternative writ; and if not, that he may be hence dismissed with his costs."

Upon the filing of the return, the relator filed a motion for judgment on the pleadings, which motion is as follows:

"Now at this day comes the relator herein and moves the court to render judgment on the pleadings herein, and to make the writ of mandamus issued herein peremptory, for the following reasons, to-wit:

"Because the return filed herein to the alternative writ of mandamus does not state facts sufficient to constitute a defense in this, to-wit:

"1.    Because it appears by said return that respondent justifies his action in refusing to allow relator to practice law in his court under and by virtue of an act of the General Assembly of the State of Missouri, approved March 27, 1911, and which said act took effect June 19, 1911, which is entitled 'An act to prohibit judges in probate courts in certain counties in this State from practicing law, and providing a penalty for the violation thereof.'

"2.    That said act is in violation of the Constitution of the State of Missouri in this, to-wit:

"(a)    That said act violates section 15 of article 2 of the Constitution of the State of Missouri in this, that it deprives relator of an existing vested right, and of an existing vested property right.

"(b)    That said act is in violation of section 30 of article 2 of said Constitution, in that it deprives relator of liberty and property rights without due process of law.

"(c)    That said act is in violation of section 53 of article 4 of said Constitution because it is a local and special law.

"(d)    That said act is in violation of paragraph 32 of section 53 of article 4 of the Constitution of the State of Missouri in this, to-wit, that a general law pertaining to the practice of law by probate judges can be made applicable to all the probate judges of this State, and said act is directly and indirectly local and special.

"(e)    That said act is in violation of paragraph 33 of section 53 of article 4 of said Constitution, because the General Assembly of the State of Missouri by said act indirectly enacts a local and special law by the partial repeal of a general law.

"(f)    That said act is in violation of section 54 of article 4 of said Constitution, because being a local and special law it does not appear that any notice of the intention to apply therefor was published in St. Louis county, Missouri, at least thirty days prior to the introduction of the bill therefor into the General Assembly, and no such notice is recited in said act.

"3.    Because said act is in violation of the fourteenth amendment of the Constitution of the United States in this, to-wit:

"(a)    Because said act abridges the privileges and immunities of a citizen of the United States and deprives relator of liberty and property- without due process of law, and denies to relator the equal protection of the law."

## OPINION.

Counsel for the relator state: That "the concrete questions in this case are: Can the Legislature, after one has been installed in a Constitutional office, who at the time he was installed, was a practicing attorney at law, by its mere *ipse dixit,* suspend him from that practice for a term of four years, or for any time? Is such an act of the Legislature due process of law?"

Counsel for the respondent interposes an objection to the court's authority to pass upon the question just propounded for the reason that he insists that there is no real case pending, his position being that the relator, by this proceeding, is seeking to get an advisory opinion of this court as to the constitutionality of the act of March 27, 1911, previously quoted, and not the decision of the court upon a concrete case pending.

It appears from the record that after the passage of said act relator became apprehensive that if he should continue to practice law, during the term for which he was elected judge of the probate court, he might be prosecuted under said act, and if convicted,

he would be fined and would forfeit his office as provided for by said act. Consequently he refrained from further practicing his profession, and made the request mentioned in the return, asking the respondent, as judge of the circuit court, to permit him to continue the practice of law in his court, notwithstanding the existence of the act of March 27, 1911, claiming therein that said act was unconstitutional, null and void.

Additional light is thrown upon the case, and upon the insistence of counsel for respondent, by the following extract taken from the statement of the case by counsel for the relator, viz.: "But to resume: Relator after the said act took effect did not attempt to practice in court. The unpleasant consequences of appearing in court with the prospect of a criminal prosecution, and a probable forfeiture of his office, was something not to be lightly undertaken."

If we look beneath the veiled surface of the record, the real facts of the case are, no real case was pending in the circuit court of the county of St. Louis, and for that reason, none is legally pending here. It is a moot case, pure and simple. But in this collateral and incidental manner, relator, with no case pending, is seeking the opinion of this court, as to the constitutionality of a wise remedial statute, highly penal in character.

The relator, upon the passage of the Act of March 27, 1911, not only refrained from practicing law, as thereby prohibited, but he goes further and assigns to this court his reasons for so doing, namely, that he was afraid that he might be prosecuted under said act, and if convicted he would be fined and would forfeit his right to the office of judge of the probate court of St. Louis county.

It is true, relator filed the motion, in the case before mentioned, requesting the court to permit him to continue to represent his clients therein, which motion was by the court overruled.

The right of an attorney to practice law is a valu-able property right, which cannot be taken from him by an arbitrary act of the court, but only upon a judicial hearing on charges legally presented, in which he is given a full and fair opportunity to be heard in his own defense. All the authorities so hold, among which are the following: Garland, Ex parte, 4 Wall. (U. S.) 333; Heyfron, Ex parte, 7 How. (Miss·) 127; Cooper, Matter of, 22 N. Y. 81; Fletcher v. Dainger-field, 20 Cal. 427, 430; People v. Turner, 1 Cal. 150, 151; Fish v. Printing Co., 102 Mo. App. 6, 24; State ex rel. v. Laughlin, 73 Mo. 443, 447; State ex rel. v. Peabody, 63 Mo. App. 378, 380; State ex rel. v· Geb-hardt, 87 Mo. App. 542; Flukes, In re, 157 Mo. 125, 130; McPherson v. State, 3 W. Va. 561; Phares v. State, 3 W. Va. 567; Burr, Ex. parte, 9 Wheat. (U. S.) 529, 530; Wammack v. Holloway, 2 Ala. 31, 33; Cum-mings v. State, 4 Wall. (U. S.) 277.; Peyton's Appeal, 12 Kan. 398, 405; Dent v. West Virginia, 129 U. S. 114; Steinman, Ex parte, 95 Pa. St. 220; Robinson, Ex parte, 19 Wall. (U. S.) 505; Austin's Case, 5 Rawle (Pa.), 191.

The authorities also uniformly hold that an ar-bitrary order of a court depriving a duly licensed attorney at law of his right to practice law is not due process of law; and under the Federal and State con-stitutions, such order would be null and void. It is a valuable right which an attorney cannot be deprived of except by the judgment of a court of competent jurisdiction, after a full opportunity has been ac-corded him to be heard in his own defense. [R. S. 1909, sec. 951, et seq.; Garland, Ex parte, 4 Wall. (U. S.) 333; Cooper, Matter of, 22 N. Y. 81; Jones v. Yore, 142 Mo. 38, 44; Clark v· Mitchell, 64 Mo. 564, 572; Hunt v. Searcy, 167 Mo. 158, 177; State v. Julow, 129 Mo. l. c. 174; St. Joseph v. Truckenmiller, 183 Mo. 9, 16; Smith, Ex parte, 28 Ind. 47; State v. Loomis, 115 Mo. 307, 313; Barber Pav. Co· v. Ridge, 169 Mo.

376; St. Louis v. Karr, 85 Mo. App. 608; Williams v. Courtney, 77 Mo. 587.]    Also see cases previously cited.

Here no charges whatever were preferred against the relator, such as the law contemplates and requires, but upon the contrary, he in person came into court, and in the manner previously stated, requested the court to permit him to represent the defendants in the case before mentioned, when no such right had been denied him. In other words, a motion filed by an attorney in another case, requesting the permission to represent one or more of the parties thereto, is in no sense a proceeding to disbar him within the meaning of the authorities cited.

The charges must come from someone else having authority to act in the premises, a trial had and evidence heard. Here no trial was had and no evidence was introduced.

Clearly such conduct on the part of the relator and the court cannot be tortured into meaning that legal charges were preferred against the relator, under said Act of March 27, 1911; that relator was given an opportunity to be heard and defend against said charges; that a conviction was had; and that he had been fined and had forfeited his office under said act.

At most, conceding everything to be true, as contended for by counsel for relator, the circuit court of St. Louis county unlawfully refused to permit relator to represent the defendants in the case mentioned, and pending therein.

That act does not purport to give to the circuit court, in an *ex parte* proceeding, like the one mentioned, the right to try and disbar a probate judge from practicing law during the term for which he was elected. In fact, that act does not contemplate disbarment proceedings in any sense of the term, for any length of time, but simply provides that if any

probate judge mentioned therein shall violate its provisions, he shall be fined and forfeit the office to which he was elected; but whether in addition thereto, disbarment proceedings might be instituted against him, under the general law governing that subject, for having violated said act, is quite a different question, and is not before us for determination. But we do decide that the relator, according to this record, has not violated the act of March 27, 1911, nor been convicted for violating its terms; and that disbarment proceedings have not been instituted against him, nor has he been disbarred from practicing his chosen profession.

Moreover, motions are not original and independent proceedings, such as are required to be brought against an attorney at law to revoke his license. They are only incidental steps taken in all classes of cases pending, and the rulings of the court upon motions are not judgments of the court; they are merely orders, and not appealable from, except where authorized by express statute. [R. S. 1909, secs. 1841, 1842.]

A judgment disbarring an attorney from practicing law is final and an appeal will lie therefrom. [See cases before cited.]

We are, therefore, of the opinion, that the peremptory writ of mandamus prayed for should be denied, and that the alternative writ heretofore issued should be quashed, and it is so ordered.

All concur except *Ferriss, J.*, absent.