**In the Matter of Elroy PRESTON.**

**No. 66179.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 23, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stacy L. Anderson, Frank A. Jung, Asst. Attys. Gen., Jefferson City, for appellant.

Janis C. Good, St. Louis, for respondent.

GARY M. GAERTNER, Judge.

Appellant, the Attorney General for the State of Missouri ("Attorney General"), appeals from an order of the Washington County Circuit Court permitting respondent, Elroy Preston ("defendant"), to inspect and copy any and all records pertaining to defendant compiled and maintained by the Department of Corrections and Human Resources ("DOC"). We quash the order.

Defendant is currently incarcerated in Potosi Correction Center under a sentence of death. On February 16, 1994, defendant filed an *ex parte* motion in Washington County Circuit Court. Said motion sought an order authorizing inspection and copying of all records pertaining to defendant compiled and maintained by DOC, pursuant to RSMo §§ 217.075 and 610.120 (1994). The court entered an order that same day granting defendant's motion. On February 24, upon a motion of Attorney General, the court entered an order vacating its previous order. On March 24, 1994, defendant filed a motion for reconsideration of the court's February 24 order. A hearing on defendant's motion was held April 14, 1994.

On April 26, 1994, the court entered an order, which stated in pertinent part:

> The Court finds that it has jurisdiction of this cause because the Movant Elroy Preston is a resident inmate of the Potosi Correction Center in Washington County,

which is a facility of the Missouri Department of Corrections.

The Court further finds that the Movant Preston and his legal counsel are entitled to inspect during ordinary business hours and to copy any and all records pertaining to Movant compiled and maintained by the Department of Corrections and Human Resources, except documents involving the security of the Correctional Facility. The Superintendent of Potosi Correction Center is ordered to permit such access.

Attorney General appeals this order.

Attorney General concedes defendant is entitled to records kept by DOC that pertain to defendant. Attorney General's point on appeal concerns the means by which defendant seeks to obtain access to those records. Attorney General asks that the April 26, 1994, order be quashed because the circuit court was not the "court of jurisdiction" within the meaning of RSMo § 217.075.2, and therefore lacked the power or authority to issue an order directing DOC to produce defendant's records for inspection and copying by defendant.

■ RSMo § 217.075 states in pertinent part:

1. All offender records compiled, obtained, prepared or maintained by the department [of Corrections and Human Resources] or its divisions shall be designated public records within the meaning of chapter 610, RSMo, except:

(1) Any information, report, record or other document pertaining to an offender's personal medical history, which shall be a closed record;

* * * * * *

2. The *court of jurisdiction*, or the department, may at their discretion permit the inspection of the department reports or parts of such reports by the offender, whenever the court or department determines that such inspection is in the best interest or welfare of the offender. (Emphasis added).

RSMo § 217.075 does not define "court of jurisdiction." When determining the meaning of a statute,[1] courts are to ascertain the intent of the legislature and give effect to that intent if possible; in so doing, the words of the statute are to be given their plain and ordinary meaning, absent legislative adoption of a specific meaning. *Wolff Shoe Co. v. Director of Revenue,* 762 S.W.2d 29, 31 (Mo. banc 1988); *City of Jefferson v. Missouri DNR,* 863 S.W.2d 844, 849 (Mo. banc 1993).

■ "Jurisdiction" entails jurisdiction over the subject matter, jurisdiction over the person or res, and jurisdiction to render the order requested. *Schneider v. Sunset Pools of St. Louis, Inc.,* 700 S.W.2d 137, 138 (Mo. App.E.D.1985). The circuit court found it had jurisdiction because defendant was incarcerated within Washington County. However, as we read RSMo § 217.075.2, the term "court of jurisdiction" entails more than geographical proximity. We find a bare *ex parte* motion, with no underlying cause of action and no service of process upon the custodian of the records defendant seeks to obtain, fails to confer such authority.

Motions are not original and independent proceedings, but rather are intermediate steps taken by the parties during a pending action. *State v. McElhinney,* 241 Mo. 592, 145 S.W. 1139, 1142–3 (1912). An order of a court, rendered upon a party's motion, is an exercise of judicial power regarding a cause pending before it. *Reed v. Mirts,* 437 S.W.2d 719, 721 (Mo.App.K.C.1969). A motion "is usually made within the framework of an existing action or proceeding and is ordinarily made on notice,. . . ." *Black's Law Dictionary* 913 (5th ed. 1979).

Here, there was no underlying state action pending before the circuit court which defendant could use as a vehicle or forum for discovery or motions to produce. As we read RSMo § 217.075.2, for a "court of jurisdiction" to enter an order permitting an offend-

1. There are no cases interpreting subsection 2 of RSMo § 217.075. The only two cases we have found referring to RSMo § 217.075 at all provide no guidance on the question raised here. *State v. Griffin,* 848 S.W.2d 464, 471 (Mo. banc 1993), refers to a subsection of the statute which was repealed in 1989. *State ex rel. Callahan v. Kinder,* 879 S.W.2d 677, 680 (Mo.App.W.D.1994), refers to a different subsection of the statute.

er to inspect DOC's records, there must be a cause of action pending in that court.

Even if defendant's bare motion could be considered a "cause of action," jurisdiction still fails because the custodian of records—in this case, the Superintendent of Potosi Correction Center—was never served with process. A cause of action must meet Missouri pleading requirements: a petition must be filed and the adverse party must be served and given notice and an opportunity to be heard by the traditional means of service of process or waiver of service of process. *See Jackson v. Director of Revenue,* 893 S.W.2d 831, 833 (Mo. banc 1995); *Metmor Financial, Inc. v. Leggett,* 787 S.W.2d 733, 735–6 (Mo.App.E.D.1989). RSMo § 217.075.2 does not provide for *ex parte* motions; such motions are permitted only in specific, limited circumstances.[2]

Defendant's *ex parte* motion did not, in and of itself, confer jurisdiction upon the circuit court. The court had no authority to grant the relief requested by defendant, and its order was therefore void. If defendant had filed a petition requesting relief, named the custodian of records as a defendant, and served the custodian with process, the Washington County Circuit Court would clearly have had jurisdiction. Attorney General's point is granted.

The circuit court stated at the hearing that the procedure challenged here—filing an *ex parte* motion in the local circuit court for an order permitting inspection of DOC's records—had been routinely followed for several years.[3] An affidavit of the executive director of the Missouri Capital Punishment Resource Center ("MCPRC") filed by defendant asserts that, prior to the above procedure, offenders issued requests for records directly to DOC.[4] Defendant's attorney reiterated this latter point at oral argument.

RSMo § 217.075.2 provides that either the court of jurisdiction *or* DOC may permit an offender to inspect his or her records. We suggest the earlier policy of contacting DOC directly with requests for access to its reports be readopted. Such a procedure would avoid involvement of the courts and make matters much less complicated. If DOC wrongfully denies access, an offender may sue DOC in the appropriate court.[5]

The circuit court was not the "court of jurisdiction" within the meaning of RSMo § 217.075.2, as defendant's *ex parte* motion did not, in and of itself, confer jurisdiction onto the court. The circuit court had no power or authority to issue the April 26, 1994, order directing the Superintendent of Potosi Correction Facility to permit defendant access to any and all records of DOC pertaining to defendant. The order is therefore void for lack of jurisdiction.[6]

REINHARD, P.J., and CRAHAN, J., concur.

2. *See, e.g.,* Rule 92.02(b) (temporary restraining order); RSMo § 455.035 (1994) (protection order); RSMo § 455.513 (1994) (child protection order).

3. Attorney General was apparently unaware of this *ex parte* process until fairly recently, and brought this challenge upon learning of it.

4. The executive director of MCPRC and various DOC officials were subpoenaed to the April 14, 1994, hearing, but the subpoenas were quashed upon Attorney General's motion.

5. In a letter included in the legal file, the Director of DOC stated that "access to ... inmate records will be provided according to the statutes ..." and advised attorneys to contact DOC's general counsel when seeking such records.

6. Defendant filed two motions to dismiss Attorney General's appeal, which were taken with the case. Defendant's first motion asserts Attorney General has no standing in this action. We disagree. RSMo § 27.060 (1994) gives Attorney General the right to "appear and interplead, answer or defend, in any proceeding or tribunal in which the state's interests are involved." The state has an interest in the interpretation of its statutes. Defendant's motion to dismiss the appeal for lack of standing is denied.

Defendant also filed a motion to dismiss the appeal as moot, since defendant received medical records from DOC shortly before oral argument. However, neither party was sure at oral argument whether defendant had received all the records he requested. Subsequently, defendant

filed a motion to withdraw his motion to dismiss for mootness. This motion is granted.