## THE STATE v. HILL, *Appellant.*

1. **Practice**: BILL OF EXCEPTIONS : EXTENDING TIME. After the time for filing a bill of exceptions has expired, the court cannot, at a subsequent term, extend it.

2. ———— : ————. When a bill of exceptions has been filed out of time, the supreme court will exclude it from consideration.

*Appeal from Daviess Circuit Court.*—HON. C. H. S. GOODMAN, Judge.

AFFIRMED.

DEFENDANT was indicted and duly tried for embezzlement. The trial resulted in a conviction and sentence to imprisonment for two years. Motions for new trial and in arrest were overruled at the April term, 1887, of the Daviess circuit court. At the same term defendant took an appeal to the supreme court and an order was entered extending the time to file bill of exceptions to the first day of the next ( June ) term. On the ninth day of the June term the court extended the time to July 15. The bill was filed July 12.

*John Leopard* and *W. T. Sullivan* for appellant.

*John M. Wood,* Attorney-General, for the State.

The bill of exceptions was not filed in time. *Moberly Ass'n v. Frue,* 79 Mo. 193 ; *Spencer v. Railroad,* 79 Mo. 500 ; *Clark v. Bullock,* 65 Mo. 535 ; *Johnson v. Greenleaf,* 73 Mo. 671 ; *West v. Fowler,* 55 Mo. 300 ; *State v. Broderick,* 70 Mo. 622.

BARCLAY, J.—After the rulings were made on defendant's final motions and his appeal was allowed, the cou.t, at the same term, extended his time to file bill of exceptions to the first day of the next term. When that time expired, the court, then holding another term, made an order for a further extension within which the bill was filed.

It is now insisted by the vigilant representative of the state that we cannot properly consider the bill thus filed.

The State v. Hill.

The point seems well taken. The record in the cause having been closed at a previous term, the authority of the court thereafter to allow a bill of exceptions depended on the order to that effect made at that term in accordance with the statute on the subject.

The court could not properly, in the first instance, make an order at a subsequent term, after the cause had terminated, allowing a bill of exceptions to proceedings at the prior term. Any allowance of the bill at such a time would derive vitality only from the action of the court taken during the term when the cause was pending by virtue of which the bill could be connected with, and, by relation, made part of that record.

We are of the opinion that, after the extended time has expired, the court cannot properly make a further order of extension.

It is, hence, obligatory to exclude the bill of exceptions from consideration on this appeal.

No suggestion of any error in the record proper has been made. We have carefully reviewed it and fail to discover any.

The indictment conforms to the statute and the subsequent proceedings before Judge GOODMAN appear regular throughout.

The judgment is affirmed, with the approval of BLACK and BRACE, JJ.; RAY, C. J., absent, and SHERWOOD, J., expressing no opinion.