CHRISTOPHER McHONEY, Respondent, v. GERMAN INSURANCE COMPANY OF FREEPORT, ILLINOIS, Appellant.

St. Louis Court of Appeals, April 7, 1891.

1. **Practice, Trial:** BILLS OF EXCEPTION. After an extension of time beyond the term for the filing of a bill of exceptions has once expired, the trial court has no power to further extend the time.

2. **Pleading:** JOINDER OF CAUSES OF ACTION. A plaintiff may unite in the same petition several causes of action arising out of the same transaction, or transactions connected with the same subject of action, whether the same be legal or equitable. *Held*, accordingly, that an action in equity to reform a policy of insurance could properly be joined with one at law for recovery upon the reformed policy.

3. **Practice, Trial:** JOINDER OF TRIALS OF ISSUES AT LAW AND IN EQUITY: PROCEDURE. In the case of such joinder, the causes of action must be separately tried, and there must be separate findings, and, it would seem, separate judgments, although the decree in equity would be interlocutory. If, in such case, the two causes of action are submitted to the jury together, a general verdict for the plaintiff is erroneous, and is ground for motion in arrest of judgment.

*Appeal from the Montgomery Circuit Court.*—HON.
E. M. HUGHES, Judge.

REVERSED AND REMANDED.

*J. D. Barnett*, for appellant.

*Barker & Shackleford* and *John M. Barker*, for
respondent.

ROMBAUER, P. J.—A preliminary question arises
on plaintiff's motion to strike out the bill of exceptions,
because filed out of time and without authority of law.
It appears by the transcript that the defendant took an
appeal on May 28, 1890, and was then granted ninety days'
time within which to file a bill of exceptions. This
time, excluding the first day and including the last as
provided by section 6570 of the statute, expired on the
twenty-sixth day of August. The court granted a
further extension on the twenty-eighth of August in
vacation, and the bill was not filed until September 8,
1890.

It was decided in *State v. Hill*, 98 Mo. 570, that,
after an extension of time has expired, the court cannot
properly make a further order of extension, and follow-
ing that ruling we must hold that the further extension,
granted herein after the first extension had expired,
was unwarranted, and that the bill of exceptions was
filed without authority of law.

This remits us to the errors claimed as arising on
the record proper. The suit is one upon a policy of
insurance and contained two counts. The first count is
for a reformation of the policy on the ground of fraud
and mistake, and the second for recovery upon the pol-
icy thus reformed. There was a demurrer to the
petition on the ground, that there was a misjoinder
of causes of action which the court overruled. The

defendant thereupon filed an answer denying the facts stated in both counts of the petition. The case was tried before a jury, and, as the record entry of the judgment shows and *recites*, the court submitted to them by instructions all questions bearing on the reformation of the policy as well as upon the plaintiff's right of recovery. The jury brought in a general verdict for the plaintiff, and the defendant moved in arrest of judgment, on the ground among others that there was a general verdict upon both counts of the plaintiff's petition.

The errors claimed as arising upon the record proper are, that the court failed to sustain the defendant's demurrer for misjoinder, and erred in accepting a general verdict for the plaintiff. The second of these complaints is just. The plaintiff may unite in the same petition several causes of action, whether they be such as have been heretofore denominated legal or equitable, or both, where they all arise out of the same transaction, or transactions connected with the same subject of action. R. S. 1889, sec. 2040. There is, therefore, no objection to joining a count in equity for cancellation or reformation with a count at law for recovery, and the defendant's demurrer for misjoinder in this cause was properly overruled. But the causes of action must be separately stated, and separately tried, as one is triable by the chancellor and the other by jury, and there must be separate findings, and it would seem separate judgments, although the decree in equity is but interlocutory, since under the statute there can be but one final judgment in a case. *Jones v. Moore*, 42 Mo. 413; *Henderson v. Dickey*, 50 Mo. 161; *Blair v. Railroad*, 89 Mo. 383. Conceding (for the sake of argument only) that the plaintiff's contention is correct, and, under the facts claimed by him to exist, he might have recovered a judgment at law without resorting to equity, and yet the objection still remains that the count at law in the petition is not framed on that theory, and that the

record itself discloses that the case was not tried on that theory. It was, therefore, error to submit the entire cause to a jury and to receive a general verdict, for which the judgment should have been arrested upon the defendant's motion.

All the judges concurring, the judgment is reversed and the cause remanded to be proceeded with in conformity with this opinion.