J. S. BOARDMAN, Appellant, v. JAMES R. VAUGHAN, Respondent.

### St. Louis Court of Appeals, April 21, 1891.

**Practice, Trial: FILING OF BILL OF EXCEPTIONS.** When the time for the filing of a bill of exceptions is extended by the trial court beyond the term, the judge of the trial court cannot, after the expiration of the period of extension, allow further time for the filing of such bill.

| 44 | 549 |
|----|-----|
| 54 | 582 |

*Appeal from the Greene County Circuit Court.*—HON. W. D. HUBBARD, Judge.

AFFIRMED.

*Harrington & Havens*, for appellant.

*James R. Vaughan*, for respondent.

ROMBAUER, P. J.—The first question to be determined is, whether a paper purporting to be a bill of exceptions forms part of the record. The respondent claims that it does not. The appeal was taken on the ninth day of August, 1890, and on said day leave was granted to the plaintiff to file his bill of exceptions within twenty days from that date. On the twentieth day of August, and after the expiration of the twenty days thus granted, the plaintiff and defendant entered into a written stipulation extending this time ten days beyond the time theretofore fixed. This stipulation was approved by the judge, and filed with the clerk in vacation. The pretended bill of exceptions was filed on the eleventh day of September, 1890, and after the expiration of the extension provided for by the stipulation.

We have decided at the present term in *McHoney v. Ins. Co.*, *ante*, p. 426, following a similar ruling of the

supreme court in *State v. Hill*, 98 Mo. 570, that, after the extended time expires, the judge cannot in vacation make a further order of extension. Even if a question of estoppel can be considered in matters of practice, there are no elements of estoppel in this case, since the stipulation was entered into at a time when the appellant's right to file a bill of exceptions was gone, and the bill of exceptions was not even filed within the time provided for by the stipulation. We must conclude, therefore, that we are not warranted in looking to the paper purporting to be such, as a bill of exceptions in this case.

Being thus remitted to the record proper, we see no error therein warranting a disturbance of the judgment. The action is one by a real-estate agent to recover commissions claimed to be earned in the sale of real estate. It was instituted before a justice of the peace, where judgment went in favor of defendant. Upon trial on appeal in the circuit court the defendant again recovered judgment. No part of the record proper is challenged by the appellant, and, as the evidence and instruction are not before us, we must affirm the judgment. All the judges concurring, it is so ordered.