THE STATE OF MISSOURI, Respondent, v. WILLIAM SWEENEY, Appellant.

Kansas City Court of Appeals, November 6, 1893.

Bill of Exceptions: POWER OF JUDGE, AS TO EXTENSION OF TIME TO FILE. A bill of exceptions was not filed within the time allowed, and after the expiration of such time the judge could not legally extend the time, nor could he at a subsequent term sign and allow the bill; and no error appearing on the record, the judgment is affirmed.

*Appeal from the Daviess Circuit Court.*—HON. C. H. S. GOODMAN, Judge.

AFFIRMED.

*J. F. Harwood*, for appellant.

*R. F. Walker, Morton Jourdan*, for respondent.

(1) The alleged bill of exceptions in this case cannot be considered; it was not filed within the time allowed by the court. The trial judge had no authority to, nor could he legally extend the time for filing the bill of exceptions after it had once expired, nor could he at a subsequent term of the court sign and allow the bill of exceptions. Revised Statutes, 1889, sec. 2168;

*State v. Mosley*, 22 S. W. Rep. (Mo.) 804; *State v. Scott*, 109 Mo. 226; *State v. Hill*, 98 Mo. 570; *State v. Broderick*, 70 Mo. 622; *Boardman v. Vaughn*, 44 Mo. App. 549; *McHoney v. Ins. Co.*, 44 Mo. App. 426; *State v. Apperson*, 22 S. W. Rep. (Mo.) 375; *State v. Berry*, 103 Mo. 367; *State v. Harben*, 105 Mo. 603; *State v. Seaton*, 106 Mo. 208; *State v. Ryan*, 22 S. W. Rep. (Mo.) 486; *State v. Mansfield*, 106 Mo. 110. (2) No error is presented by the record on which this case must be determined. The information filed by the prosecuting attorney clearly charges the crime of which the defendant has been found guilty; the judgment should, therefore, be affirmed.

SMITH, P. J.—On the twenty-fourth day of April, 1891, the prosecuting attorney of Daviess county filed an information before W. W. Arnold, a justice of the peace, in which the defendant was charged with having sold certain fermented and spirituous liquors in quantities less than five gallons without having a license as a dramshop keeper.

At the February term, 1892, of the Daviess circuit court, the defendant was tried, convicted, and his punishment assessed at a fine of $100 and costs. After unsuccessful motions for a new trial, and in arrest, he appealed to this court.

The alleged bill of exceptions in this case cannot be considered; it was not filed within the time allowed by the court (during the June term, 1892). When this term adjourned, the time for filing bill of exceptions expired, and the record in the case was closed. The trial judge had no authority to, nor could he legally, extend the time for filing the bill of exceptions after it had once expired, nor could he at a subsequent term of the court sign and allow the bill of exceptions. Revised Statutes, 1889, sec. 2168; *State v. Mosley*,

22 S. W. Rep. (Mo.) 804; *State v. Scott*, 109 Mo.
226; *State v. Broderick*, 70 Mo. 622; *State v. Hill*, 98
Mo. 570; *Boardman v. Vaughn*, 44 Mo. App. 549;
*McHoney v. Ins. Co.*, 44 Mo. App. 426; *State v.
Apperson*, 22 S. W. Rep. (Mo.) 375; *State v. Berry,*
103 Mo. 367; *State v. Harben*, 105 Mo. 603; *State v.
Seaton*, 106 Mo. 208; *State v. Ryan*, 22 S. W. Rep.
(Mo.) 486; *State v. Mansfield*, 106 Mo. 110.

No error is presented by the record on which
this case must be determined. The information filed
by the prosecuting attorney clearly charges the crime
of which the defendant has been found guilty; the
judgment should, therefore, be affirmed. All-concur.