## BELLE WINN, Respondent, v. FARMERS MUTUAL FIRE INSURANCE COMPANY, Appellant.

### St. Louis Court of Appeals, January 30, 1900.

1. **Insurance Policy: PLEADING AND PRACTICE.** If the right of plaintiff's recovery on an insurance policy has been forfeited by reason of the alleged non-observance of the condition of the contract, it is for the defendant to plead this, which the plaintiff can meet either by a denial or by alleging a waiver.

2. ———: ———: WAIVER. In the case at bar, the character of the defendant insurance company is examined, and it is *held* that the defendant by the acts and conduct of its officers could and did not waive a literal compliance with the provisions of its charter.

3. ———: ———: ———: ARBITRATION: BY-LAWS OF INSURANCE COMPANY. The provision of the by-laws of the company to arbitrate is not absolute, and the plaintiff has an option to bring suit, when the by-laws of the company provide that upon the reception of notice of loss it shall be the duty of the board of directors within thirty days to ascertain and determine the loss, and if the assured is not satisfied with the award, "the question shall be submitted to referees, or the suffering party may bring an action against the company."

4. ———: PRACTICE, TRIAL: EVIDENCE: DECREE. In the case
at bar, the court ought to have heard the evidence and entered an
interlocutory decree reforming the policy, and then empaneled a
jury to try the issues involved in the second count.

Appeal from the Scotland Circuit Court.—*Hon. Edwin R.
McKee*, Judge.

AFFIRMED.

*J. M. Jayne* and *N. M. Pettingill* for appellant.

(1) The instrument sued on provided for arbitration and
submission to referees. This was a condition precedent to
respondent's right to recover. No reference is made in the
petition to the arbitration clauses contained in the policy.
No waiver or excuse is pleaded in petition or reply. Nor was
waiver or excuse shown by the testimony. These omissions
in the pleadings and evidence are fatal to respondent's case.
McNees v. Ins. Co., 69 Mo. App. 232; Murphy v. Mercantile
Co., 61 Mo. App. 323. (2) The court committed error in sub-
mitting and trying before the jury the action to reform the
policy and to recover upon the policy (should this court hold
that under the pleadings the court had a right to reform the
policy) it was then the duty of the trial judge to try the ques-
tion of the reformation himself before the question of recovery
upon the policy could have been submitted to a jury. There-
fore appellant's motion in arrest of judgment should have
been sustained. See Christopher McHoney v. Ins. Co., 44
Mo. App. 426. This case is directly in point and has never
been overruled or criticized, and it also holds there should
be separate judgments rendered, one reforming the policy,
the other on the loss incurred under the policy so reformed,
the last being tried by a jury.

*Smoot, Mudd & Wagner* for respondent.

(1) The petition avers that the plaintiff fully complied
with all the provisions of said policy on her part, which is

a sufficient averment.   Richardson v. Ins. Co., 57 Mo. 413.
The receipt of assessments after the sale of the property by
Mary A. Winn to Belle Winn by the defendant, having full
knowledge of said sale, waives all the conditions in the policy
with reference to the assignment.   7 Am. and Eng. Ency. of
Law, p. 1031; Gilliat v. Ins. Co., 8 R. I. 282; Buckley v.
Garrett, 47 Pa. St. 280.   (2) The payment of a dividend
to a partner waives the company's rights respecting such
change.   Combs v. Ins. Co., 34 N. J. Eq. 403.   The article
in the policy provides that if parties are not satisfied with
the award of directors they may either arbitrate or sue.   There
can be no point in this as this point is fully covered by the
record and testimony on file.

BIGGS, J.—The defendant is what is known as a
"Farmers Mutual Fire Insurance Company" organized under
article 4 chap. 89 of the Revised Statutes of 1889.
On the thirteenth day of March, 1896, it issued and delivered
to one Mary A. Winn a policy of insurance, in which it agreed
to insure a building belonging to her against damage or de-
struction by fire.   The policy described the house as located
in section 31, whereas it seems to be conceded that Mary A.
Winn owned no house in section 31, but did own land and a
house in section 30.   Mary A. Winn died in May 1896.
In March, 1896, she conveyed the land on which her house
was situated to the plaintiff in this action.   In April, 1897, a
fire occurred, causing damage to the house.   In the present
action the plaintiff claims to be the owner of the house, and
that Mary A. assigned and delivered the policy to her.   The
petition contains two counts.   In the first a reformation of
the policy is asked, in that a mistake was committed in the
recital in the policy that the house insured was situated in
section 31, whereas the house owned by Mary A. and which
was intended to be insured was located in section 30.   In the

second count the plaintiff seeks a recovery on the policy (if reformed) for the damage to the building.

When the case was called for trial a jury was impaneled to try the issues as to the second count, and the testimony as to both counts was heard at the same time. At the conclusion of the evidence the circuit court made a separate finding reforming the policy as prayed, and then submitted to the jury the issues arising under the second count. The jury returned a verdict for two hundred and ninety-five dollars, from which decree and judgment the defendant has appealed.

The defendant objected to the introduction of any evidence, for the alleged reason (among others) that the petition failed to allege ownership of the house in plaintiff, either at the time of the issuance of the policy, or at the time the loss occurred. There is no merit in this objection. It was averred that Mary A. Winn owned the house at the time the policy was written, and that subsequently but prior to the loss she conveyed the house and land to plaintiff. This was sufficient to show a transfer of title. The further allegation "that she (plaintiff) was the owner of the building at the time of the injury," was sufficient to show an insurable interest in her at the time of the fire.

It was sufficient for plaintiff to allege generally a compliance with the conditions of the policy.

If her right of recovery had been forfeited by reason of the alleged non-observance of the conditions of the contract, it was for the defendant to plead this, which the plaintiff could meet either by a denial or by alleging a waiver. This is the established rule of pleading in this state in actions on insurance policies. It follows that the objection that the petition failed to specify the conditions of the policy and aver their observance, was not a valid ground for the non-reception of evidence.

Objections were made to the introduction in evidence of

the deed from Mary A. Winn to plaintiff.    One objection was that it did not describe the tract of land mentioned in the policy.    This was true as to the policy as originally written, but not as reformed by the court.

Another objection was that the deed reserved a life interest or possession of the land in the grantor, by reason of which it was incompetent to show a present ownership in plaintiff.    This objection is invalid, because the evidence was uncontradicted that Mary A. died before the fire.    Her death vested the absolute title to the house in plaintiff.

It was urged that the defendant's demurrer to the evidence ought to have been sustained for the reason that it conclusively appeared that the insurance had not been transfered to plaintiff in the mode prescribed by defendant's charter.    The provision of the charter on this subject is as follows:

"Section 1.    When any house or other building shall be alienated by sale or otherwise, then the policy thereon shall be void and be surrendered for cancellation to the directors of this company.    Upon such surrender the assured shall be entitled to receive his deposit note upon the payment of his proportion of all losses and expenses occurring since he became a member and before such surrender, provided that the grantee having such policy assigned to him may have same ratified and confirmed to him for his use and benefit upon application to the directors and with their consent within thirty days next after such alienation, on giving proper security (for the satisfaction of the directors) on such proportion of the deposits or premium note as shall remain unpaid; or by depositing the proper sum in cash.    By such ratification the party causing the same shall be entitled to all the rights and privileges and subject to all the liabilities to which the original insured was entitled and subjected under the same policy."

The evidence tended to prove that the plaintiff signed the

original premium note with Mary A. that after the sale of the property to her she notified the defendant's board of directors of the transfer, in which they acquiesced, and that subsequently both prior to and since the sale the defendant demanded and received from plaintiff various assessments on the note on account of other losses sustained by the company. We are of the opinion that the defendant, by the acts and conduct of its officers, could and did waive a literal compliance with the foregoing provisions of the charter. This view is not opposed to the decision of this court in Froehly v. Ins. Co., 32 Mo. App. 302. There the defendant was a mutual insurance company, and it was held that the policy was void in its inception, and could not be ratified in the hands of the assured. The court further held that the subsequent transfer of the property and policy by the assured to his wife, although recognized by the company, could not create a new contract of insurance in her favor, for the reason that under the charter a married woman by reason of her incapacity to contract could not become a member of the company.

The by-laws of the company provide that upon the reception of notice of a loss, it shall be the duty of the board of directors within thirty days to ascertain and determine the loss, and if the assured is not satisfied with the award, "the question shall be submitted to referees, or the suffering party may bring an action against the company, etc." The provision to arbitrate is not absolute. Clearly the plaintiff had the option to bring suit. Besides there is no evidence that the directors determined the amount of the damage. Therefore the objection that the plaintiff failed to show a waiver of the condition for arbitration, is without force.

It is not likely that the defendant was prejudiced by the manner of the trial. Proceeding in the regular way, the court ought to have heard the evidence and entered an interlocutory decree reforming the policy, and then impaneled a

jury to try the issues involved in the second count. McHoncy v. Ins. Co., 44 Mo. App. 426. But we can not imagine any prejudice to the defendant by the court hearing the evidence as to the mistake in the policy, in the presence of the jury.

It is claimed that the verdict is excessive. It suffices to say that the finding is within the evidence, which prevents us from disturbing it.

Finding no reversible error, we will affirm the judgment. All concur.