## STATE ex rel. GREENE, etc., Respondent, v. DUNCAN et al., Appellants.

### St. Louis Court of Appeals, March 31, 1908.

1. **PRACTICE: Bill of Exceptions: Order Extending Time After Time Expired.** The trial court is without authority to extend the time for filing bill of exceptions after the time theretofore extended has expired.

2. **APPELLATE PRACTICE: Record Proper.** Although there is no bill of exceptions before the appellate court, it can review errors based on the failure of the petition to state a cause of action.

3. ————: ————: **Presumptions.** Courts of record are presumed to act rightly in all matters within their jurisdiction when nothing to the contrary appears.

   In an action on an administrator's bond where the petition alleged that the probate court had cited the administrator, defendant, to appear for having failed to make settlements required by law, and that he failed to appear and that his successor was appointed, it will be presumed in aid of the pleading where the question is raised for the first time on appeal, that the court made an order ousting the defendant administrator from office before the appointment of his successor.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*Ward & Collins* for appellants.

(1)   Respondents' petition fails to state a cause of action, and the *ore tenus* demurrer should have been sustained because said petition fails to state that at the time Duncan collected $1,000, he was duly appointed, qualified and acting guardian and curator of said minors.   (2)   Said petition fails to show the revocation of the appointment of Duncan as guardian and curator and fails to show the legal appointment and qualification of the respondents, Huffman and Greene; but if as the petition has it, Duncan's appointment was never revoked, then the appointment of Huffman and Greene was without authority of law, and void, because there could be no appointment of a guardian and curator as long as Duncan's appointment had not been revoked and he had not been removed.   State ex rel. v. Carroll, 63 Mo. 156.

*Faris & Oliver* for respondents.

This court and the Supreme Court of this State have repeatedly held that "after an extension of time given within which to file a bill of exceptions, has expired, the court or trial judge cannot grant a further extension of time."   McHoney v. Insurance Co., 44 Mo. App. 426; Boardman v. Vaughan, 44 Mo. App. 549; Fulkerson v. Murdock, 123 Mo. 292; Loewen v. Hicks, 63 Mo. App. 79; Powell v. Sherwood, 162 Mo. 605; Warder, Bushnell & Co. v. Forman, 83 Mo. App. 70; O'Bannon v. Railway, 106 Mo. App. 316.

NORTONI, J.—1.   The first question relates to the bill of exceptions.   It appears that the court made an order in term, extending the time for the defendants to file their bill of exceptions in vacation.   The time so

extended expired on the 11th day of June. The bill
not having been completed and filed within the time
mentioned, defendants procured an order from the judge
in vacation, on the 13th day of June, further extending
the time to file the bill. It is well settled that a judge
in vacation, or a court for that matter, is without au-
thority to extend the time for filing the bill of exceptions
after the time theretofore extended has expired. Such
extensions are valid only when made within the time
theretofore extended. This has been ruled in many
cases. See McHoney v. Insurance Co., 44 Mo. App. 426,
in point. In this state of the record, we are precluded
from looking into the bill of exceptions to the end of
reviewing the case.

2. Appellants' counsel insists that even though the
bill of exceptions be not properly before the court, the
judgment should be reversed for the reason the petition
wholly fails to state a cause of action. Of course this
matter is always open for review, even though the mo-
tions for new trial and in arrest of judgment are not
filed. The suit is on an official bond of a guardian and
curator. The breach assigned is that the principal in
the bond failed to account for $1,000 insurance money
belonging to his several wards. It appears the defend-
ant, who was the principal in the bond in suit, was ap-
pointed guardian and curator for the wards on the 2nd
day of April, 1901, and qualified by executing a bond,
etc. There is nothing in the petition from which it ap-
pears affirmatively, the defendant curator was ever re-
moved from office by the probate court, so the case as
it appears in the record, is one wherein the present guar-
dian and curator of the minors is suing the former guar-
dian and curator of the same wards, with nothing affirm-
atively appearing to show that the former guardian and
curator had ever resigned or been removed from his
office. The argument is predicated upon this fact to
the effect that the petition is insufficient to state a

cause of action for the reason it fails to show the authority of the former guardian had ever been revoked. The sufficiency of the petition is not questioned by demurrer.   Defendants answered over, and the only question presented is as to its sufficiency to support the judgment given upon it.   It is familiar law that in such circumstances all reasonable intendments are to be indulged in favor of the pleading.   Now it is positively averred in the petition that on the 16th day of November, 1905, one Hoffman was appointed and qualified as guardian and curator for the wards, that he afterwards resigned his office on the 11th day of May, 1905, and thereafter the relator was duly appointed by the probate court of Pemiscot county, qualified as successor to said Hoffman, and was at the time of this suit, the duly qualified and acting guardian and curator of the wards and their estate.  It appears, as said before, that on the 2nd day of April, 1901, the defendant Duncan had been appointed and qualified as guardian and curator of the same wards.   In June of that year, he collected about one thousand dollars insurance, rightfully belonging to them.   It further appears by competent allegations in the petition, that on the 13th day of November, 1901, the defendant Duncan was duly cited to appear before the probate court at its next regular term and make his final settlement as guardian and curator of said minor, but he wholly failed to appear or make any settlement, with respect to the matter and has wholly failed to make any settlement of any kind as guardian and curator up to the time of the filing of the petition, November 29, 1905.   Because of the failure of said Duncan to make his said settlement in obedience to the citation above mentioned, the probate court appointed Hoffman, as guardian and curator in his stead on March 16, 1903.   Now the precise point made against the sufficiency of the petition is that, notwithstanding all these facts appear therein, there is no affirmative al-

legation to the effect that the defendant Duncan had been removed by the probate court, either before or at the time of appointing Hoffman, who afterwards resigned, as his successor. The statute, sections 3522, 3523, Revised Statutes 1899, sections 3522, 3523, Mo. Ann. Stat. 1906, provide for citing the guardian or curator into the probate court on his failing to appear and make settlements. Section 3524 provides that if such guardian or curator, after the service above mentioned, fail to appear and make the settlement, the court may revoke his letters of authority in that behalf and appoint a successor in his stead. It is a familiar principle of law that courts of record are presumed to act rightly in all matters within their jurisdiction when nothing appears to the contrary. Now it appearing from the allegations in the petition, that the probate court had cited defendant Duncan to appear for having failed to make the settlements required by law, and it further appearing that he had neglected and refused ever afterwards to make the settlements mentioned, and that it proceeded to appoint Hoffman as his successor on March 16, 1903, the presumption must go, when viewed from the present standpoint, in aid of the pleading to the effect that the probate court made an order ousting the defendant Duncan from office at the time or prior to the appointment of Hoffman as his successor. The law authorized and required the probate court to so do under the circumstances disclosed in the petition. This being true, the reasonable intendment is that such an order was made. However that may be, the petition presents sufficient facts to support the judgment given in the cause, especially when considered under the influence of our statute, section 672, Revised Statutes 1899, section 672, Mo. Ann. St. 1906, which provides that no judgment shall be reversed for omitting from the petition any allegation or averment without proving which the triers of the issue ought not to have given

such verdict.    It is obvious that the court could not have found the issue in this case for the plaintiff without first having found the defendant had been removed from the office of guardian and curator and the present plaintiff duly installed and qualified therein.    The judgment will be affirmed.    It is so ordered.    *Bland, P. J.,* and *Goode, J.,* concur.