244 S.W.2d 605 (1951)
KIDD
v.
KATZ DRUG CO. et al. (two cases).
Nos. 21647, 21648.
Kansas City Court of Appeals. Missouri.
December 3, 1951.
Don M. Jackson, A. Warren Francis, Kansas City, for appellant.
Shughart & Thomson and Harry P. Thomson, Jr., all of Kansas City, for respondent.
DEW, Judge.
The appeals in these two cases have been consolidated. Carmeta M. Kidd is the plaintiff in one and sues for alleged injuries from the use of a certain shampoo compound, purchased by her from defendant Katz Drug Company and manufactured by defendant Hal Collins Company, both corporations. Her husband is the plaintiff in the other action, brought against the same defendants for the loss of his wife's services and growing out of the same transaction. In both cases the defendant Hal Collins Company filed its answer to the petitions. In both cases, defendant Katz Drug Company answered the petitions and pleaded a cross-claim against defendant Hal Collins Company for judgment "for all sums which might be adjudged against it and in favor of the plaintiff." Thereupon, the Hal Collins Company (respondent) filed a separate motion in each case to dismiss the cross-claim for failure to state a claim upon which relief can be granted, or, in the alternative, for a more definite bill of particulars. The court sustained the motions to dismiss the cross-claims and so ordered. From these orders or judgments dismissing the cross-claims the Katz Drug Company (appellant) has appealed.
*606 The appellant devotes most of its briefs to the support of its right to take these appeals, and respondent has moved to dismiss them on the ground of prematurity, to which motions its brief is almost entirely addressed. The motions to dismiss the appeals require our first attention.
It must be noted that no order for a separate trial of the cross-claims was made or requested, nor did the court conduct a separate trial on the merits thereof or order any separate judgment on the merits; nor did the court make any order other than to dismiss the cross-claims on motion for failure to state a claim. Had such orders for separate trials and separate judgments been made the judgments of dismissal would be considered final for the purposes of appeal and separate appeals would have been authorized under Rule 3.29, unless ordered held in abeyance by the court. In the absence of compliance with the above rule, respondent contends that the orders or judgments of dismissal did not dispose of all the issues of the cases as to all the parties and were not final, and that these appeals are, therefore, premature.
We construe Rule 3.29 to apply to cross-claims, although not specifically so designated therein. Carr, Missouri Civil Procedure, Vol. 2, page 47. The purpose of the rule is to preserve the law as before the present Code in respect to appeals by piecemeal. In Magee v. Mercantile-Commerce Bank & Trust Co., 339 Mo. 559, at page 561, 98 S.W.2d 614, at page 616, it was said: "Our statute does not allow parties to appeal piecemeal or permit them to bring one issue in a case to an appellate court while other issues therein remain undecided by the trial court. Except as to the specific orders made appealable by the statute, they can only appeal from a final determination of the whole case."
It has frequently been ruled that appeals from orders or judgments which do not dispose of all the issues and parties are unauthorized under the new Code and rules, unless the issues therein were separately tried and separate judgments thereon were ordered by the trial court. See Deeds v. Foster, Mo.Sup., 235 S.W.2d 262; White v. Sievers, 359 Mo. 145, 221 S.W.2d 118; S. S. Kresge Co. v. Shankman, Mo.App., 194 S.W.2d 716; Shoush v. Truitt, Mo.App., 235 S.W.2d 859; Graham v. Bottorff, Mo.App., 240 S.W.2d 191. For the latest opinion of the Supreme Court, see Wickers v. Knox Glass Associates, Mo.Sup., 242 S.W.2d 566, 571, not yet published in the state reports. See also sections 511.020 and 512.020, RSMo 1949.
Appellant earnestly argues that it should and does have the right to "assert" a cross-claim against a codefendant in a pending cause. Its authorities so hold. Camden v. St. Louis Public Service Co., 239 Mo.App. 1199, 206 S.W.2d 699, 705; Civil Code, Section 77, 509.460, RSMo 1949. But such right to "assert" a cross-claim does not carry with it a vested right to a separate trial thereof or a separate final judgment thereon or a separate appeal from a dismissal of the cross-claim, when other issues of the case are yet to be determined. The Camden case, supra, also recognizes that rule. 206 S.W.2d at page 704.
Appellant in its brief admits that "it is true that the ruling of the court in dismissing the cross claim did not dispose of all the issues in the case, still leaving before the court plaintiffs' petitions against both defendants", but says "it did dispose of all the issues before the court in so far as the right of the appellant to cross claim against the respondent is concerned." It argues that this is a separate and distinct issue from that of plaintiffs' right to recover from either defendant; that the court could order separate trials thereof; that the two defendants are the only parties concerned and that the judgments dismissing the cross-claims are a final and complete disposition of the issues here involved, without awaiting adjudication of plaintiffs' actions. Such construction, as we understand it, is in the very face of the decisions heretofore cited and would defeat the purpose of the settled policy of the law respecting appeals in "piecemeal." The inescapable fact remains that the appeals at hand were taken from orders or judgments which admittedly do not dispose of all the issues involved in the actions, respectively, *607 are not final for purposes of appeal, and the appeals are, therefore, necessarily premature. The proper remedy of appeal was afforded appellant in Section 126 of the Code, Section 512.020, RSMo 1949. The motions for the dismissal of the appeals are sustained and the appeals are dismissed.
All concur.