**STATE of Missouri ex rel STATE HIGH-WAY COMMISSION of Missouri, Plaintiff-Respondent,**

v.

**Arthur W. HAMMEL et al., Defendants,**

**Emil Waibel, Defendant-Appellant,**

**Erwin F. Vetter, Defendant-Appellant.**

**Nos. 44861, 44862.**

Supreme Court of Missouri.

Division No. 1.

April 9, 1956.

Opinion Modified on Court's Own Motion
May 14, 1956.

Erwin F. Vetter, E. Gary Davidson, Clayton, for defendants-appellants.

Robert L. Hyder, Bruce A. Ring, Jefferson City, for respondent.

HOLMAN, Commissioner.

In this condemnation proceeding plaintiff sought to condemn a right of way through various tracts of land situated in St. Louis County, Missouri, for a state highway designated as new Route 40 and referred to as the Mark Twain Expressway. According to the pleadings it appears that the right of direct access to said highway was to be limited as indicated on the plans filed. It is alleged that defendant Emil Waibel is the owner of one of the tracts involved and that defendant Erwin F. Vetter has an interest in said tract as trustee in a deed of trust conveying the same. Defendant Waibel filed an "Answer and Counter-Claim or Cross-Bill" in which he sought specific performance of an alleged written contract (which plaintiff is alleged to have repudiated) wherein said defendant agreed to convey the said right of way to plaintiff

without compensation and plaintiff agreed to construct certain access service roads and other improvements contemplated to make the remainder of said tract more readily accessible.

■ As will hereafter more fully appear the court appointed commissioners and sustained plaintiff's motion to dismiss the counterclaim. The motion of Waibel to vacate these orders having been overruled the defendants have separately appealed. The appeals were consolidated here and briefed, argued and submitted as one appeal. We have appellate jurisdiction since the equitable counterclaim sought specific performance of a contract to convey land and hence title to real estate is involved. State ex rel. Place v. Bland, 353 Mo. 639, 183 S.W. 2d 878. Also, certain constitutional questions were raised in the counterclaim and have been briefed in this court. Article V, Section 3, Constitution of Missouri, 1945, V.A.M.S.

The transcript discloses a somewhat confused state of the record and numerous orders nunc pro tunc seeking to correct and clarify same. However, we see nothing in this situation affecting the basic issues here presented. We will therefore attempt to relate such of the proceedings in the trial court as appear necessary to an understanding of the issues to be determined.

On September 28, 1954, plaintiff's petition was presented, ordered filed, and the court set October 29 for a hearing on the petition and for appointment of commissioners. The answer and counterclaim of defendant Waibel was filed on October 28. On the day set for the hearing plaintiff filed its motion to dismiss said counterclaim on the ground that it failed to state a claim upon which relief could be granted and the cause was then continued until November 5. Defendant Vetter, on November 5, filed three motions relating to plaintiff's petition, (1) motion to dismiss, (2) motion to make more definite and certain, and (3) motion to strike. On that date these three motions, and plaintiff's motion to dismiss the counterclaim, were argued and taken

under advisement. Thereafter, on the same date, the record indicates that plaintiff's evidence in support of its petition was heard, "subject to the motions" aforesaid. On November 15, 1954, the court made an order which, as subsequently corrected by nunc pro tunc orders, provided that (1) the three motions of Vetter were overruled, (2) plaintiff's motion to dismiss the counterclaim of defendant Waibel be sustained, and (3) upon consideration of the evidence in support of plaintiff's petition, certain named persons were appointed as commissioners. On November 22, defendant Waibel filed his motion to vacate the order appointing commissioners upon the ground, in effect, that plaintiff had already agreed with said defendant on the compensation for said right of way and had actually obtained same under an agreement between the parties, and hence plaintiff had no legal authority to condemn the same and the court did not acquire jurisdiction to proceed with the cause. This motion appeared to be based on the same general theory as was contained in the counterclaim. The court overruled said motion on February 8, 1955. The brief of defendants discloses that they are attacking the order appointing commissioners and also the order dismissing the counterclaim.

We are met at the outset with plaintiff's motion to dismiss the appeals herein on the ground that no final judgment had been entered in the trial court and hence the appeals were premature. We have concluded that this motion is meritorious and should be sustained.

■ The right of appeal is purely statutory. Section 511.020 (all statutory references are to RSMo 1949, V.A.M.S.) defines a judgment as "the final determination of the right of the parties in the action." The only provision in Section 512.-020 that could be applicable to the instant case is that "any party * * * may take his appeal * * * from any final judgment in the case." A final, appealable judgment is ordinarily one which disposes of all parties and all issues in the case. Bennett v. Wood, Mo.Sup., 239 S.W.2d

325. This means a disposition of all issues raised by all pleadings and not the issues on only one side of the case. For example, a judgment on plaintiff's claim which fails to also dispose of a counterclaim is not final. Bennett v. Wood, supra; McNabb v. Payne, Mo.App., 280 S.W.2d 864.

In the instant case it is clear that there was no final judgment on the issues presented by plaintiff's petition and on the question of damages. It has long been the established rule in this state that an order appointing commissioners is interlocutory in its character and an appeal will not lie therefrom. St. Joseph Terminal Ry. Co. v. Hannibal & St. J. Ry. Co., 94 Mo. 535, 6 S.W. 691; State ex rel. Missouri Pac. Ry. Co. v. Edwards, 104 Mo. 125, 16 S.W. 117; State ex rel. Summerson v. Goodrich, 257 Mo. 40, 165 S.W. 707. See also, Luxton v. North River Bridge Co., 147 U.S. 337, 13 S.Ct. 356, 37 L.Ed. 194. Even though a defendant may contest the right of the plaintiff to condemn, the judgment in such a case is not final or appealable until after the commissioners file their report and the exceptions thereto, if any, are tried and the amount of damages finally fixed. St. Joseph Terminal Ry. Co. v. Hannibal & St. J. Ry. Co., supra; Caruthersville School Dist. No. 18 v. Latshaw, 360 Mo. 1211, 233 S.W.2d 6. The reasons for such a conclusion are obvious. The order appointing commissioners is no final determination of the rights of the parties. It is only one step in the proceedings. Since the order is interlocutory, any error that may have been made in relation thereto may be corrected at any time by the trial court. For reasons that should be apparent we cannot review cases on appeal that are brought to us piecemeal or in detached portions. Weir v. Brune, 364 Mo. 415, 262 S.W.2d 597.

The conclusion we have indicated is in no way affected by the fact that, in this case, a counterclaim was filed which was dismissed upon motion. There still was no final determination of the other issues. Moreover, by waiting until there is a final judgment, a defendant does not ordinarily waive any right to a review, as Section 512.020 provides that "a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case." The situation before us is analogous to that appearing in the case of Kidd v. Katz Drug Co., Mo.App., 244 S.W.2d 605. There, one defendant filed a cross-claim against the other defendant. A motion to dismiss the cross-claim was sustained and the cross-claimant attempted to appeal. The appeal was dismissed as premature because there had been no disposition of all the issues, as the claim alleged in plaintiff's petition had not been tried or otherwise disposed of.

We recognize, of course, that there may be circumstances in a case which would make it more convenient to the court and litigants, or necessary to avoid prejudice, to separately try one issue, and perhaps obtain appellate review thereof, prior to a final disposition of the entire case. In that situation the trial court, in the exercise of its discretion, may order such separate trial, Section 510.180, subd. 2, and in a trial before the court, "the court may order a separate judgment entered which shall be deemed a final judgment for the purposes of appeal * * *; or the court may enter a separate interlocutory judgment and order it held in abeyance until other claims, counterclaims or third party claims in the case are determined, in which event appeal shall not lie until a complete judgment disposing of all claims is entered." Supreme Court Rule 3.29, 42 V.A.M.S.

In answer to the foregoing, defendants argue that since an adjudication favorable to them, on the counterclaim, would have been a bar to plaintiff's right to condemn, the court was required to first try this equitable claim and render a final appealable judgment thereon before proceeding further on plaintiff's petition. In support of this contention they cite a number of cases which state that where a petition contains both legal and equitable

counts, or where an equitable defense is set up in an answer to a legal action, the equitable count or issue should be separately tried and a separate judgment entered. Crowe v. Peters, 63 Mo. 429; Martin v. Turnbaugh, 153 Mo. 172, 54 S.W. 515; Dahlberg v. Fisse, 328 Mo. 213, 40 S.W.2d 606. The reason generally given for this requirement is that the parties are entitled to a trial by jury on the legal action. These cases are not applicable here. This is a special statutory action wherein the landowner is not entitled to a jury on any question except the determination of the amount of damages in the trial of exceptions. In this situation we do not know of any reason why the court could not hear the issues on the petition and on the counterclaim at the same trial. Moreover, the cases cited can in no event aid defendants on the question we are considering, as the separate judgment contemplated therein, on trial of the equitable issue, is interlocutory and hence not appealable. Estes v. Fry, 166 Mo. 70, 65 S.W. 741; Winn v. Farmers Mutual Fire Ins. Co., 83 Mo.App. 123.

No order for separate trials of plaintiff's petition and the counterclaim appears in the record. Defendants concede that none was made. They contend, however, that separate trials and separate final judgments are required by law and therefore we should consider the judgment dismissing the counterclaim as if it were in fact a separate judgment resulting from an order for that purpose. What we have said in the preceding paragraph will require that this contention be ruled against defendants. It is true that evidence on the petition was heard subject to the motion to dismiss the counterclaim. No doubt it was contemplated that in the event the motion was overruled the court would subsequently hear evidence on the counterclaim. Actually, the motion was sustained before the order appointing commissioners was made. In this situation we cannot regard this as a case in which the court had ordered separate trials and further assume that it was intended that the order of dismissal be a separate, final, appealable judg-

ment in contemplation of Section 510.180 (2) and Supreme Court Rule 3.29. A court speaks only through its record and we must take that record as we find it. Bennett v. Wood, supra.

The appeals herein, being premature, are dismissed.

VAN OSDOL and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.