Dennis **SULLIVAN** (Plaintiff), Respondent,

v.

Ira E. **SPARKS** (Defendant), Appellant.

No. 30109.

St. Louis Court of Appeals.

Missouri.

Dec. 2, 1958.

pared some pleadings for him. On the return day, October 30, 1956, defendant appeared in the Magistrate Court with his other co-counsel, filed his answer and counterclaim, and paid the clerk of the court the sum of $2, the amount of costs requested.

In the answer filed by him defendant denied the allegations of negligence on his part and charged that whatever damages plaintiff might have sustained to his truck were the result of plaintiff's sole negligence. In the counterclaim, divided into two counts, defendant prayed for damages in the sum of $1,800 for personal injuries in count 1, and in count 2 for the sum of $2,200, because of damages to his car. The transcript shows that on the same day that defendant filed his answer and counterclaim, the Magistrate Court entered the following order:

"October 30 Answer and counterclaim filed.

"It now appearing to the court that a verified counterclaim exceeding the jurisdiction of the Magistrate Court was filed within twenty days after return date of summons on the defendant and that the Cost of certification was paid in accordance with Section 517.-240, Revised Statutes of Missouri, 1949 [V.A.M.S.], the Court finds from all of the records that said cause should be certified to the Circuit Court and does hereby certify said cause to the Circuit Court for further action."

The cause was thereupon certified to the Circuit Court of the City of St. Louis, where it remained untried until January 17, 1957, on which day plaintiff filed a motion to dismiss defendant's counterclaim. In brief, the basis for the motion was that defendant had not complied with the provisions of Section 517.240 as enacted in Laws 1955, p. 311, in that the defendant had failed to verify the truth of the allegations contained in his counterclaim; that the counterclaim accordingly could not be

B. Richards Creech, St. Charles, Robert E. Wieland, St. Louis, for appellant.

George E. Murray, Clayton, for respondent.

DOERNER, Commissioner.

On October 5, 1956, plaintiff instituted in the Magistrate Court of the City of St. Louis, Missouri, a suit for damages to his truck in the sum of $550, alleged to have been sustained in a collision with the defendant's car on July 9, 1956, at the intersection of U. S. Highway No. 40 and U. S. Highway No. 79 in St. Charles County, Missouri. Summons was issued and served on the defendant on October 17. Defendant consulted one of his co-counsel, who pre-

entertained; and that the court was without jurisdiction to hear the same. After a hearing on the motion, including testimony of the plaintiff regarding the circumstances surrounding the filing of the counterclaim and the payment of costs, the Circuit Court sustained plaintiff's motion to dismiss defendant's counterclaim but, so far as the transcript shows, did not order that the cause be retransferred to the Magistrate Court. Defendant thereupon filed what was denominated as a motion to set aside the Court's order and judgment dismissing his counterclaim and to grant defendant a rehearing, or in the alternative a new trial. Upon the overruling of that motion, defendant appealed to this court.

█ We are met at the outset of this case with a motion by plaintiff to dismiss defendant's appeal on the grounds that no final judgment disposing of all the issues in the case was rendered by the lower court. The motion is well taken, and must be sustained.

In Samuel C. Stout Co., Inc. v. Inter-City Mfg. Co., Inc., Mo.App., 251 S.W.2d 978, 979, this court said:

> "It is fundamental that the right of appeal exists only as provided by statute; and while appeals are favored, and statutes granting the right of appeal are to be liberally construed, there is no room for indulging liberality unless there is some reasonable statutory basis for the exercise of the right which is being claimed in the particular case."

█ Section 512.020 RSMo 1949, V.A.M.S., governs who may appeal. The only part which might be applicable here is that "Any party * * * may take his appeal * * * from any final judgment in the case." Section 511.020 defines a judgment as "* * * the final determination of the right of the parties in the action." It is the general rule that appeals from orders or judgments which do not dispose of all of the issues and all of the parties in the case are unauthorized under the Code and the Rules of our Supreme Court, unless the issues were separately tried and separate judgments rendered thereon. Hahn v. Hahn, Mo., 297 S.W.2d 559; Pizzo v. Pizzo, 365 Mo. 1224, 295 S.W.2d 377; Kidd v. Katz Drug Co., Mo.App., 244 S.W.2d 605.

No case has been cited to us, nor have we found any, which supports the appellant's right to appeal under the facts and circumstances which exist in this matter. To the contrary, the authorities are uniform in holding that an appeal from an order which dismisses plaintiff's petition but does not dispose of defendant's counterclaim is premature. Bennett v. Wood, Mo., 239 S.W.2d 325; Deeds v. Foster, Mo., 235 S.W.2d 262; White v. Sievers, 359 Mo. 145, 221 S.W.2d 118. And more to the point, an appeal from an order dismissing a counterclaim or a cross-claim which does not dispose of plaintiff's petition has likewise been held to be premature. State ex rel. State Highway Commission v. Hammel, Mo., 290 S.W.2d 113; Samuel C. Stout Co., Inc., v. Inter-City Mfg. Co., Inc., Mo.App., 251 S.W.2d 978; Kidd v. Katz Drug Co., Mo.App., 244 S.W.2d 605.

The Commissioner therefore recommends that the appeal be dismissed.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of the court.

The appeal of the Circuit Court of the City of St. Louis is, accordingly dismissed.

RUDDY, P. J., and WOLFE and ANDERSON, JJ., concur.