**Vernon M. PUCKETT, Respondent,**

v.

**M. E. MORRIS, Director of Revenue, State of Missouri, Appellant.**

**No. 50692.**

Supreme Court of Missouri,

Division No. 2.

April 12, 1965.

Riddle, O'Herin & Newberry, Malden, for respondent.

Thomas F. Eagleton, Atty. Gen., Eugene G. Bushmann, Asst. Atty. Gen., Jefferson City, for appellant.

BARRETT, Commissioner.

This is an appeal by the state in a case concerned with the suspension of both a driver's license and the privilege of operating a motor vehicle on the highways of Missouri for failure to comply with the safety responsibility law by depositing security as required by the Director of Revenue. Sections 303.010–303.070 RSMo 1959, V.A.M.S. According to documents in the record containing among other things a written statement by the respondent Vernon M. Puckett, on Saturday, September 7, 1963, at noon, on Highway 61 three miles north of New Madrid "started to pass a car but decided to apply my brakes and drop back into my lane of traffic. At the same time the car I had started to pass applied his brakes, slowing down and preventing me from getting back into my lane. At that time car #2 was approaching and I pulled to the left to get out of the way. Car #2 struck the right side of my car." As a result of the collision two people, Claude and Mona Wright, received serious personal injuries, and Robert Cantrell died as the result of injuries received in the accident. It is not necessary to relate the details as to Puckett's lack of insurance, it is sufficient to say that according to the documents in the file he had no liability insurance and therefore the supervisor of the safety responsibility unit, pursuant to the statutes, required Puckett to deposit security in the sum of $8,675.00. And, as stated, upon Puckett's failure to comply with the order the supervisor suspended his "operating and registration privileges."

■ On January 28, 1964, in the Circuit Court of New Madrid County, Puckett filed a petition to review the order of the Director of Revenue alleging that the decision of suspension was arbitrary and an abuse of discretion. The Director of Revenue immediately responded with a "return" to the petition for review by filing in the circuit court all records, notices and letters, thirty-one in number, constituting the department's file suspending Puckett's privileges. Whereupon the court issued an order that the suspension of Puckett's privileges "be stayed and held in abeyance until further order of the Court." On February 20, 1964, by leave of court, Puckett filed a "Supplemental Petition for Limited Driving Privileges" alleging that unless "granted limited driving privileges as requested, it will work an undue hardship on him because he will be prevented from earning a livelihood, as provided by Section 302.309(3)." On February 25, 1964, the Circuit Court of New Madrid County, "(a)fter considering the pleadings, the proof adduced and statement of counsel," entered a judgment granting Puckett "limited driving privileges and registration of vehicles used in farming operations limited to Plaintiff's farming operation in the Counties of New Madrid, Scott and Mississippi in the State of Missouri." With the record in this posture the Director of Revenue filed a notice of appeal and of course since he is a state officer the appeal has been lodged in this court.

By its brief and argument the state contends that the court erred in adjudging to Puckett limited driving privileges because under his initial petition for review the "only issue before the court" was the reasonableness of the order requiring him to deposit security and comply with the safety responsibility act. In brief, the state's argument is that the director's action of suspension was not under chapter 302 relating only to driver's licenses and their revocation under the point system but was under chapter 303 relating, as indicated, to the safety responsibility law. It is argued that under

the safety responsibility law there is no provision for limited driving privileges, at least until there has been compliance with the supervisor's orders and therefore a compliance with the act. It is said that the court's procedure in this particular case is repugnant to the state's public policy and has the effect of defeating the purposes of the safety responsibility law.

The problems of this appeal are further complicated by the failure of respondent's counsel to respond in any appropriate manner to the appeal and to the state's brief and thus the court is deprived of the full benefits of an adversary proceeding.

In any event this brief outline is sufficient to point up the essential problem with which the court is confronted and that is whether upon this record the court is in any position to attempt a definitive disposition of the whole cause upon its merits. To state the problem in still another manner, the obvious question is whether there has been a final disposition of all issues and therefore a final, appealable judgment. As stated, in response to Puckett's petition to review the order of suspension the state made a return and deposited thirty-three documents. But there has been no hearing upon the petition and response and it does not appear that any of these documents were either introduced in evidence or considered by the court. Then too, the judgment recites that upon the hearing of the supplemental petition there was "proof adduced and statement of counsel" but there is no proof or statement of counsel in this record. Except for the thirty-three records attached to the director's return the entire record lodged here consists of four "record entries," the original petition for review, the return, the supplemental petition, the noted judgment and the notice of appeal.

■ Of course there are no comparable cases but there are some rather compelling analogies. One record entry recites that the court ordered that the suspension "be held in abeyance until further order of the court." That entry is fairly comparable to

an intermediate, conditional or interlocutory order and of course is not a disposition of the matter and is certainly not a final appealable order. State ex rel. State Highway Commission v. Hammel, Mo., 290 S.W.2d 113; State ex rel. State Highway Commission v. Smith, Mo., 303 S.W.2d 120. Exceptions as such have been abolished but when the supplemental petition was called for hearing it should have been called to the court's attention that the original petition for review was pending, perhaps there should have been a request for a hearing or a disposition of that motion, particularly if there is any difference or inconsistency in the two procedures under the two statutes. The hardship and the granting of limited driving privilege statute does provide that "[t]his subsection does not apply to any person whose license has been suspended or revoked (1) for any reason which would have disqualified him or made him ineligible for a license under section 302.060 * * *." RSMo Supp., Sec. 302.309(3). And section 302.060(7) provides that the director may not issue a license under that chapter "To any person who has an unsatisfied judgment against him, *as defined in chapter 303*, RSMo, until such judgment has been satisfied *or the financial responsibility of such person, as defined in section 303.-120* RSMo, *has been established.*"

■■ This is not to construe this or any other section of either the driver's and chauffeur's license act or the safety responsibility law and neither is it to say whether in any case under the latter statute the circuit court may or may not grant limited driving privileges. It would appear upon this record, however, that in no event should the court have disposed of the "supplemental petition" without also disposing of the principal "petition for review" or in some manner relating the purported supplement to its central and pending issue. Since the one was held in abeyance there has been but a partial disposition of a pending cause. Even if the issues were separable, another matter not determined at this time, and even if appropriate there was no request or order for a separate trial of issues. The consequence of all these matters is that the court is now confronted with an appeal in a case in which there has not been a final disposition of all issues and with a record in this posture the court is in no position to dispose of the appeal on its merits. Bennett v. Wood, Mo., 239 S.W.2d 325; Webster v. Sterling Finance Co., Mo., 165 S.W.2d 688.

For the indicated reasons the judgment on the supplemental petition is reversed and the cause remanded.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM: The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.