**Ricky Lee REED, a Minor, by Norma Reed, Next Friend, Plaintiff-Respondent,**

v.

**Ruby Fay MIRTS, Administratrix of the Estate of Francis Leon Robinson, Deceased, Defendant-Appellant.**

**No. 25009.**

Kansas City Court of Appeals.

Missouri.

Feb. 3, 1969.

Howard F. Major, W. Hampton Ford, Columbia, for defendant-appellant.

Granville E. Collins, Fulton, T. E. Lauer, Columbia, for plaintiff-respondent.

JAMES W. BROADDUS, Special Commissioner.

This is an appeal from the order of the trial court overruling the motion of defendant Ruby Fay Mirts, Administratrix, to set aside the dismissal of co-defendant Samuel Owen Burks.

The question presented here arises from the following facts. On November 7, 1962, the plaintiff, Ricky Lee Reed, a minor, by Norma Reed, his next friend, filed his petition against defendants Samuel Owen Burks, Ruby Fay Mirts, Administratrix of the Estate of Francis Leon Robinson, deceased, and Golda Knipp Robinson, seeking damages in the amount of $25,000, for bodily injuries sustained as a result of an automobile accident. Before trial plaintiff dismissed as to defendant Golda Knipp Robinson. On January 30, 1963, a verdict was rendered against defendants Burks and Mirts in the sum of $11,590.

Defendant Burks filed a motion to set aside the verdict or in the alternative for a new trial. The motion was overruled and Burks perfected his appeal.

Defendant Mirts did not file any after trial motions and did not appeal.

Thereafter, this court on June 7, 1965, reversed the judgment of the trial court and remanded the cause for a new trial. The opinion of the court (Reed v. Burks) is reported in 393 S.W.2d 377.

The transcript recites the following:

"DISMISSAL AS TO DEFENDANT SAMUEL OWEN BURKS

"Now comes the plaintiff, Ricky Reed, a Minor, by his next friend, Norma Reed, and dismisses his cause of action filed herein against defendant Samuel Owen Burks.

"Dated: May 15, 1967."

The transcript next recites that on July 19, 1967, defendant Mirts, appellant herein, filed the following:

"MOTION TO SET ASIDE ORDER AND JUDGMENT

"Comes now the defendant Ruby Fay Mirts, Administratrix of the estate of Francis Leon Robinson, deceased, in the above entitled cause and moves the court to set aside the Order and Judgment entered herein on May 15, 1967, for the reason that no notice of said entry was given defendant Ruby Fay Mirts, Administratrix of the estate of Francis Leon Robinson, deceased, as required by Rule 74.78 Missouri Rules of Civil Procedure and as grounds therefor states:

"1. That the effect of the order and judgment entered May 15, 1967, is to give final judgment to the plaintiff against this defendant and make this defendant liable for interest thereon from the date of said order and judgment, May 15, 1967.

"2. That had this defendant known of the entry of said order and judgment on May 15, 1967, this defendant would have immediately taken steps to prevent interest from accruing against this defendant."

Supreme Court Rule 74.78, V.A.M.R. reads as follows:

"74.78 NOTICE OF ENTRY OF ORDERS AND JUDGMENTS—Upon the entry of an order or judgment, the clerk shall serve a notice of the entry by mail in the manner provided in Rule 43.01 upon every party affected thereby who is not in default for failure to appear and who was not present in court in person or by attorney at the time of the entry of such order or judgment. If such notice is not given, said order or judgment shall be set aside for good cause shown upon written motion filed within 6 months from the entry of the order or judgment."

Thus, appellant's motion asked that the trial court, pursuant to the above Rule "set aside the Order and Judgment entered herein on May 15, 1967." The record however, discloses no order or judgment on that day. It does show a May 15 entry of the Judge's Docket to the effect that "PLTF DISM AS TO DEFT SAMUEL OWEN BURKS."

An order or judgment of the court is plainly an exercise of judicial power by the court regarding some cause pending before it. Supreme Court Rule 74.01, 74.02. On the other hand, a plaintiff's voluntary dismissal of his cause of action against a defendant requires no order or judgment of the court. It may be done at any time by the plaintiff upon his own volition. Supreme Court Rule 67.01; Camden v. St. Louis Public Service Co., 239 Mo.App. 1199, 206 S.W.2d 699, 705. Clearly Rule 74.78, does not include the act of a plaintiff in dismissing his cause of action as to a defendant, and appellant cites no authority to the effect that it does. Therefore, the motion was improvidently filed, and the trial court could not have granted the relief appellant sought under it.

Even if we were to assume that Rule 74.78 is applicable to plaintiff's voluntary dismissal of his cause of action against defendant Burks, appellant is not entitled to relief under it since she has not established the existence of the conditions necessary to relief. The Rule provides that an order or judgment may be set aside on motion of a party who (1) was not present in court in person or by attorney at the time of the entry of such order or judgment, and (2) was not given notice thereof by the clerk.

While appellant's motion alleges that the notice was given by the clerk (an allegation otherwise unsupported by the transcript before us), it fails to allege that appellant was not present in person or by attorney on May 15, 1967, when the cause of action was dismissed. Nor is there any evidence in the transcript which would tend to indicate in any manner that appellant was not so present. Therefore, an essential element of appellant's motion is lacking and the trial court could not properly have granted relief thereon.

The order should be affirmed. Your Special Commissioner so recommends.

PER CURIAM:

The foregoing opinion by JAMES W. BROADDUS, Special Commissioner, is hereby adopted as the opinion of the Court and the order is affirmed.

All concur.

SHANGLER, J., not participating.