Paul C. DANIELS and Iva J.
Daniels, Respondents,

v.

A.B. RICHARDSON and Willa
Richardson, Appellant.

No. WD 34117.

Missouri Court of Appeals,
Western District.

Feb. 7, 1984.

William Y. Frick, Kirksville, for appellant.

Mayberry & Mayberry by Clifford B. Mayberry, Kirksville, for respondents.

Before PRITCHARD, P.J., SHANGLER, J., and TURNAGE, C.J.

TURNAGE, Chief Judge.

Paul Daniels and his wife, Iva, filed a petition seeking to establish a way of strict necessity across lands owned by A.B. Richardson and his wife, Willa. Sections 228.-340 to 228.480, RSMo 1978. After a hearing, the court found the allegations of the petition to be true and entered an order appointing commissioners. Thereafter, the commissioners filed their report and the Richardsons filed objections and exceptions thereto. The Richardsons requested a jury trial on the issue of the amount of damages. The Richardsons also raised objections that the commissioners had failed: (1) to apportion the damages assessed by them among the various land owners [1]; (2) to set out an adequate description of the way in their report; and (3) to limit the grant of the easement to the 40 foot way allowed by statute.

The court took up the objections to the commissioners' report and entered an order overruling the same. The court then indicated that the judgment would be final for purposes of appeal. The case still pends with a request filed by the Richardsons for a jury trial on the issue of damages. On

1. The way crossed the lands of several owners but the Richardsons were the only owners to appear or file pleadings.

this appeal, the Richardsons raise as challenges to the court order the same points which they raised earlier as objections to the commissioners' report. Appeal dismissed.

The Richardsons contend that the order overruling their objections to the commissioners' report in all respects, except as to damages, is a final and appealable order because the trial court designated it as such pursuant to Rule 81.06. It should first be noted that the description of the order as final for the purpose of appeal is without effect since the trial court cannot make a judgment final which is not, in fact, final. *State ex rel. State Highway Commission v. Armacost Motors, Inc.*, 502 S.W.2d 330, 332[1–3] (Mo.1973).

Further, Rule 81.06 is not applicable because there was no separate trial of any claim. A separate trial of a claim, counter-claim, or third party claim is required under Rule 81.06 before a separate judgment entered thereon may be deemed a final judgment for the purpose of appeal. Also, when a court without a jury hears, in a separate trial, a claim which arises from the same transaction, occurrence or subject-matter as another, the court may designate the judgment final for the purpose of appeal. Since there were no claims tried separately in the case at bar, Rule 81.06 does not apply.

The procedural status of this case is similar to that in *State ex rel. State Highway Commission v. Hammel*, 290 S.W.2d 113 (Mo.1956). In *Hammel*, objections were filed to the court appointing commissioners, and the court entered an order overruling the same. Thereafter, an appeal was taken. In passing on the finality of the order as being a judgment which was final for purposes of appeal, the court stated at 117[5–8]:

> Even though a defendant may contest the right of the plaintiff to condemn, the judgment in such a case is not final or appealable until after the commissioners file their report and the exceptions thereto, if any, are tried and the amount of damages finally fixed. (Cites omitted) The reasons for such a conclusion are

obvious. The order appointing commissioners is no final determination of the rights of the parties. It is only one step in the proceedings. Since the order is interlocutory, any error that may have been made in relation thereto may be corrected at any time by the trial court. For reasons that should be apparent we cannot review cases on appeal that are brought to us piecemeal or in detached portions.

Since the procedures under §§ 228.340 and 228.480 are the same as the procedures under which the State Highway Commission proceeded in *Hammel*, the finality of the judgment for the purpose of appeal would be the same in both cases.

To the same effect as *Hammel* is the decision in *State ex rel. State Highway Commission v. Mahon*, 350 S.W.2d 111 (Mo.App.1961). In *Mahon*, this court quoted from *State ex rel. State Highway Commission v. Smith*, 303 S.W.2d 120, 122–23[2, 3] (Mo.1957), that the court could "find no authority for an appealable judgment as long as the controversy between the condemner and landowner is pending on exceptions to the commissioners' report."

Section 228.400 allows objections to be filed to the commissioners' report as to the amount of damages awarded, and provides that an issue shall be made up and a jury sworn to determine the amount of damages. That section also provides that, after the jury trial, appeals shall be allowed and taken in the manner provided for appeals in civil cases. However, the sections relating to "ways of necessity" do not provide for appeal prior to the time the issue of damages has been tried and determined.

In short, neither the general rule concerning finality of judgments nor the statutory procedure for establishing "ways of necessity" provides the circuit court with the power to declare the order in this case a final appealable judgment. The case remains pending in the circuit court on the issue of damages.

The appeal is dismissed.

All concur.